# Fabel *v.* Mayer.

*Practice, C. P.—Statement—Parol contract—Evidence.*

The plaintiff having declared upon an express oral contract of sale of certain chattels at prices agreed upon, an appraisement list, not signed by either party, alleged to have been considered and adopted by the parties, was admissible in evidence without its having been attached to plaintiff's statement. The whole matter resting in parol the paper was not such a contract as to come within the provisions of the Act of May 25, 1887, P. L. 271, requiring a copy thereof to be attached to the statement.

*Evidence—Specific contract of sale.*

The question being whether defendant had or had not purchased under a parol contract certain chattels at a specified price, fixed in a written inventory alleged to have been accepted as fixing value, evidence offered by the defendant for the purpose of showing the condition and value of the property was properly rejected.

Argued May 22, 1900. Appeal, No. 175, April T., 1900, by defendant, in suit of Harry E. Fabel against Henry Mayer, from judgment of C. P. Erie Co., May T., 1898, No. 99, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by W. D. PORTER, J.

Assumpsit. Before WALLING, P. J.

It appears from the evidence and the record that plaintiff

sued to recover for the price of certain furniture and chattels sold by him to defendant, his former landlord, on an alleged parol contract.

[At the trial the court admitted in evidence the appraisement of the chattels made in contemplation of sale by plaintiff to another party which was not consummated, there being evidence tending to show that this appraisement was accepted by the parties to the litigation as fixing the value of the goods in question.] [2]

[The court rejected evidence offered by defendant as to the condition and value of the chattels, the specific price of which had been fixed in the inventory and appraisement.] [6–11]

Verdict and judgment for plaintiff for $1,175.09. Defendant appealed.

*Errors assigned* were (1, 2) in the admission of the appraisement as evidence, the same not having been declared upon and set forth in plaintiff's statement of claim. (6–11) Rejection of evidence offered by defendant as to the condition of the chattels, the specific price of which had been fixed in the inventory.

*J. Ross Thompson*, for appellant.—A declaration is the setting forth in a legal and orderly manner the plaintiff's cause of complaint : 3 Blackstone's Commentaries.

There is nothing to notify the defendant that the goods were purchased in pursuance of any agreement further than that of an ordinary sale made between buyer and seller and for the value of each article sold.

It is not claimed in the statement that the goods were purchased in a lump sum or at a given price for the whole, or in pursuance of an appraisement taken.

On the trial of the case, the plaintiff offered in evidence the appraisement taken to show the purchase and terms as well as the value of the goods.

It will be seen by this offer that a written instrument was claimed to be the basis of the plaintiff's claim. This appraisement was not declared upon or referred to in the statement filed.

Plaintiff's statement is a substitute for a formal declaration

and must exhibit a complete cause of action in such clear, express and unequivocal language that if material averment be not denied by the defendant judgment in default may be entered: Byrne v. Hayden, 124 Pa. 170.

The statement in this case exhibited a complete cause of action for goods sold and delivered, but not on any agreement founded on an appraisement of which there was nothing to put defendant on notice.

But the procedure act of 1887 requires not only a copy of the writings but a statement of his case to be filed by the plaintiff: Gere v. Unger, 125 Pa. 644.

The defendant offers to show that the articles in the statement were not worth what is claimed on the part of the plaintiff, and also to prove that the defendant would not have made any such contract as claimed by the plaintiff, as persuasive evidence on the subject.

We think the court erred in rejecting the offer of this evidence, and the reasons for so doing are untenable. It will be seen that the objection is based on the claim of the contract. If a contract then it must have been predicated on this appraisement and not the ordinary contract of bargain and sale. The court is of the opinion that the goods were sold under an agreement to take the goods under a schedule price or that was the question to be determined by the jury, when there is nothing in the narr. or statement to indicate that the sale was so made.

Again we maintain that it would be competent evidence to strongly rebut the alleged agreement to take the goods at an amount nearly four times the actual value of the goods.

*C. S. Burchfield,* for appellee.—The appraisement made January 11, 1898, was simply an item of evidence to prove the price and value fixed by the parties on a part of the furniture included in the sale: Vicary v. Moore, 2 Watts, 451; Spangler v. Springer, 22 Pa. 454.

In the case of Malone & Son v. Phila. & Reading R. R., 157 Pa. 430, it was held (quoting from the syllabus): "Where a written contract has been so essentially changed by the parties as to became a parol contract, it is not necessary for the plaintiff under the Act of May 25, 1887, P. L. 271, to file a copy of the written contract with his statement, and in such case the

written contract may be admitted in evidence, although no copy was filed."

OPINION BY W. D. PORTER, J., July 26, 1900:

The plaintiff was the owner of the furniture and personal property in a hotel which he occupied under a lease from the defendant. The plaintiff, through his agent, had been negotiating with one Leamy with a view to the sale of the hotel furniture, and, as a step in that negotiation, appraisers had been agreed upon, with a view to ascertaining the value of the various chattels with regard to which they were bargaining. The appraisers made a written inventory of almost the entire property, fixing the value of each specific article. They added to the inventory a foot note stating that the valuation of the dishes, table linen and certain other articles specifically designated was left for future consideration. For some reason the sale to Leamy was never consummated. After the appraisement had been made, the plaintiff removed a portion of the goods appraised from the hotel. The plaintiff alleges that he subsequently sold all the personal property in the hotel to his landlord, the defendant. The defendant denies that he ever agreed to purchase goods, or pay for the same, but he alleges that he bought the goods at a sale by the constable, under a landlord's warrant issued for the collection of rent.

The plaintiff declares upon an express contract of sale of the various chattels, at prices agreed upon, as set forth in an itemized statement, to the declaration attached and made part thereof. In these negotiations the plaintiff was represented by Charles F. Mann, his agent. The agent of the plaintiff and other witnesses testified to an oral contract entered into by the defendant, in substance as follows: The defendant agreed to buy and plaintiff's agent agreed to sell all the chattels and fixtures in the house; the price to be paid for the chattels which had been valued by the appraisers and specified in the inventory was to be the amount of that valuation; for the articles which had not been appraised the defendant was to pay what they were worth in the hotel; the articles which had been valued by the appraisers but subsequently removed from the hotel were not to come within the operation of this contract of sale. They agreed that the amount of rent for the real estate

which the defendant was to receive was the rent for two months, which amount was to be taken out of the purchase money for these chattels. Evidence was produced that the parties then had the appraisement list before them, and that when witnesses were called up to hear what they had agreed upon the paper was produced and the attention of the witnesses called to it by plaintiff's agent, and that defendant thereupon said it was all right. This paper was clearly identified at the trial as the same which the parties had before them during their bargaining, and was offered in evidence on behalf of plaintiff. The defendant objected to this evidence and the overruling of that objection is now made the foundation for the first, second, seventh and eighth assignments of error. The contention of the defendant is that, under the provisions of the Act of May 25, 1887, P. L. 271, a copy of this paper ought to have been attached to plaintiff's statement, and, because this had not been done, the paper was not admissible in evidence. The paper was not in itself in any sense a contract. It simply contained a list of articles and designated the value of each. It was not signed by any party, it contained no covenants and did not purport to be even a bill of sale. The defendant had no connection with the transactions, with a view to which the appraisement had originally been made. The oral evidence tended to establish that, in making the parol contract, the parties, in bargaining as to the prices of the various chattels, agreed upon the figures which they found in this list. If the parties themselves had fixed a valuation for each specific chattel and had employed a clerk to make an inventory thereof, as they proceeded with their work, that paper would be evidence as to the prices agreed upon by the parties, and any person to whom they had made declarations as to its correctness would have been competent to prove the same. So long, however, as that paper did not embody any covenants and remained unsigned by the parties, the whole matter still rested in parol. It can make no difference whether such an informal inventory is made by the parties themselves, or adopted from the work of others, the whole matter still rests in parol, and the paper is not such a contract as to come within the provisions of the act requiring a copy thereof to be attached to the statement: Vicary v. Moore, 2 Watts, 451; Spangler v. Springer, 22 Pa. 454; Malone & Sons v. Railroad, 157 Pa.

430. The paper was abundantly identified, and, in connection with the oral evidence, it was both relevant and material; in its admission in evidence there was no error.

The third, fourth and fifth specifications of error are not founded on any ruling of the court upon the admission of evidence, nor upon the charge of the court or its answer to any request for instructions. They are simply statements of the defendant's views as to what the law ought to be, have no foundation in the record, and cannot be considered.

The remaining specifications of error raise but one question. The learned court below rejected evidence offered by the defendant as to the condition and value of the chattels, the specific price of which had been fixed in the inventory. As to these articles the plaintiff was not entitled to recover at all, unless he proved that the defendant had agreed to buy them at a price agreed upon; no evidence had been produced which would have entitled him to recover upon any other theory. The defendant did not offer to prove that there had been any misrepresentation or fraud in the sale, nor was it even suggested that he was not aware of the condition of the goods when he bought them, if he did buy them. If the defendant had agreed to purchase at a fixed price, in the absence of any allegation of fraud or misrepresentation, he was bound by his bargain, and could not ask the jury to make a new one for him because he had paid more than the goods were worth. The learned judge of the court below, in instructing the jury with regard to the goods contained in the inventory, said : " It is not very material in this case whether they were worth exactly that price or less ; if Mr. Mayer agreed to buy them at that price, you should find for the plaintiff for that inventory price ; if he did not agree to to buy them, as he says he did not, you should find for the defendant." The only question upon which the jury were required to pass, with regard to those particular goods, was whether the defendant had agreed to buy them at a fixed price. The learned judge properly instructed the jury as to the burden of proof upon this question. All the assignments of error are overruled.

Judgment affirmed.