## McMichan's Estate.

*Evidence—Presumption—Payment—Outstanding duebill.*

The presumption that a duebill outstanding in the hands of the original payee is a subsisting, undischarged obligation, while very strong, is not conclusive; in other words, it is not a strictly legal presumption having the effect to shut out further investigation, and exclude the functions of a jury. It simply stands for proof until rebutted; and where it is met by opposing presumptions arising out of facts in the case, the question of payment cannot be determined by the court as matter of law, but must be submitted to the jury.

The presumption of nonpayment arising from the circumstance that a duebill is outstanding, may be met by the facts that subsequent to its date the payee had in his hands the means of payment which he made no attempt to apply, but paid over without deduction, and that for two years after the death of the maker he took no steps to secure its payment and did not make known to anyone its existence.

*Evidence—Presumptions—Conflicting testimony—Findings of fact by court—Practice, C. P.*

The rule which gives to a finding of fact by the court the effect of a verdict, recognizes no distinctions between a finding which results from weighing conflicting presumptions from admitted facts, and one which is a conclusion from conflicting testimony. In either case the finding is allowed to prevail except as clear error is shown.

Argued Jan. 7, 1908. Appeal, No. 189, Jan. T., 1907, by Louis Alexander, ancillary administrator c. t. a. of the estate of Harry D. Lentz, deceased, from decree of O. C., Phila. Co., Jan. T., 1905, No. 562, dismissing exceptions to adjudication in estate of Edward J. McMichan, deceased. Before MITCH-ELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEW-ART, JJ. Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*Benjamin Alexander*, for appellant.

*George L. Crawford*, of Crawford & Loughlin, for appellee.

Opinion by Mr. Justice Stewart, March 2, 1908:

The presumption that a duebill outstanding in the hands of the original payee is a subsisting, undischarged obligation, while very strong, is not conclusive; in other words, it is not a strictly legal presumption having the effect to shut out further investigation, and exclude the functions of a jury. It simply stands for proof until rebutted; and where it is met by opposing presumptions arising out of facts in the case, the question of payment cannot be determined by the court as matter of law, but must be submitted to the jury: Reynolds v. Richards, 14 Pa. 205. Had this been a common-law action on the duebill, the case must have gone to the jury. The rule which gives to a finding of fact by the court the effect of a verdict, recognizes no distinction between a finding which results from weighing conflicting presumptions from admitted facts, and one which is a conclusion from conflicting testimony. In either case, the finding is allowed to prevail except as clear error is shown. The presumption of nonpayment, which here arose from the circumstance that the duebill was outstanding, was met by the fact that subsequent to its date the payee had in his hands the means of payment which he made no attempt to apply, but paid over without deduction. Maker and payee had been business partners; the former having died, the latter as liquidating partner converted the assets of the firm, and paid out to the estate of the former, sums which in the aggregate exceeded twelve times the amount of the duebill he held. This was a circumstance which tended strongly to raise an opposing presumption, quite sufficient to carry the case to the jury had it been an action at law. But the defendant did not rest on this circumstance alone. The books of the partnership were introduced showing the accounts of the partners, and what each had contributed to the capital of the firm. It is not too much to say that these accounts lend large support to the contention that the duebill was part of Lentz's

contribution, and as such was accounted for. Besides this, there was the additional fact that not for two years after the dissolution of the firm by the death of McMichan, did Lentz make any demand for the payment of the duebill. His interest in the firm was comparatively very small; he was himself of very limited means; he had paid over to McMichan's estate out of firm assets upwards of $24,000, leaving but $838.24 unsettled, and yet continued to hold during the period of liquidation, and for two years after the death of McMichan, the latter's duebill of $2,250 without making any demand for its payment, or so far as the evidence shows, making known to anyone its existence. He survived a year after making the demand upon the personal representative of McMichan, but took no step to enforce his claim.

Upon a review of all the facts, we cannot say that the court erred in allowing the presumption of payment to prevail. The decree is affirmed, and appeal is dismissed at appellant's cost.