<hr />

# Bradshaw's Estate.

*Decedent's estates—Debts of decedents—Money paid to decedent's use—Recovery.*

1. Claims against a decedent's estate which might have been enforced during the lifetime of the decedent are the subject of just suspicion and require strict proof.

2. Where two years after decedent's death a claim is made for money alleged to have been paid by claimant on the decedent's behalf in her life time, the court made no error in disallowing such claim where it appeared that the items disallowed extended over a period of six years and any claim for them had matured before the death of the decedent, and that there was no evidence of the existence of the relation of creditor and debtor between the claimant and the decedent nor that a demand had been made, or a statement rendered during her life time, although she was abundantly able to pay her debts and managed her business affairs with judgment.

Argued Oct. 16, 1913. Appeal, No. 206, Oct. T., 1913, by George S. Hunter, from decree of O. C. Beaver Co., March T., 1913, No. 7, dismissing exceptions to report of auditor in Estate of Jennie H. Bradshaw, deceased. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of J. B. McGown, Esq., Auditor. Before HOLT, P. J.

The facts appear by the opinion of the Supreme Court. The court dismissed the exceptions.

*Error assigned,* among others, was in dismissing the exceptions.

*Lawrence M. Sebring,* for appellant.

*James H. Cunningham,* for appellee.

PER CURIAM, January 5, 1914:

This appeal is from an order of the Orphans' Court dismissing exceptions and confirming the report of an auditor disallowing the appellant's claim for money alleged by him to have been paid for the decedent, his aunt. The items disallowed by the auditor extended over a period of six years and any claim for them had matured before the death of the decedent. They were first presented to the executor two years after her death. There was no evidence of the existence of the relation of creditor or debtor between the claimant and the decedent nor that a demand had been made, or a statement rendered during her life, although she was abundantly able to pay her debts and managed her business affairs with judgment. Of claims of this character it was said in Carpenter v. Hays, 153 Pa. 432, "Claims against a dead man's estate, which might have been made against him, while living, are always subjects of just suspicion, and our books from Graham v. Graham, 34 Pa. 475, to Miller's Est., 136 Pa. 239, are full of expressions by this court of the necessity of strict requirement of proof."

The order appealed from is affirmed at the cost of the appellant.