## Winter, Appellant, *v.* Colonial Land Company.

*Contract—Contract under seal—Corporation—Seal after agent's name—Statute of limitations.*

Where a contract for the sale of land by a corporation is signed in the name of the corporation by two persons with the word "agent" after their names, followed by an ordinary scroll seal, and there is nothing in the body of the contract to show that the contract purported to be under seal, the writing is not a contract of specialty binding the corporation; and if a suit is brought by the purchaser of the land against the corporation on a cause of action growing out of the contract, the statute of limitations may be pleaded by the company if the suit has not been brought until eleven years after the date of the contract; and if in such a case it appears that the plaintiff alleged that a portion of the contract was oral, there is all the more reason for sustaining the plea of the statute.

Argued April 27, 1915. Appeal, No. 185, April T., 1915, by plaintiff, from judgment of C. P. Allegheny Co., April T., 1913, No. 531, for defendant n. o. v. in case of Peter·Winter v. Colonial Land Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for breach of contract.

From the record it appeared that the contract in question had been executed eleven years prior to the bringing of the suit.

The plaintiff claimed that the contract was under seal and a specialty. The defendant denied this and pleaded the statute of limitations.

The premises and conclusion of the contract were as follows:

This agreement, made the 4th day of October, A. D., 1902, between the Colonial Land Company, by Black & Baird, Agents, party of the first part, and Peter Winter, of West Bridgewater, Pa., party of the second part:

\*   \*   \*   \*   \*   \*   \*   \*   \*

216 WINTER, Appellant, *v.* COLONIAL LAND CO.

Statement of Facts—Opinion of Court below. [61 Pa. Superior Ct.

The conditions of this agreement shall extend to and bind the heirs, executors, administrators, successors and assigns of the respective parties.

THE COLONIAL LAND COMPANY, [SEAL]

BY BLACK & BAIRD,

*Agent.*

PETER WINTER. [SEAL]

Attest:

The jury returned a verdict for plaintiff for $665.

On a motion for judgment n. o. v. EVANS, J., filed the following opinion:

The plaintiff brought suit to recover damages for a breach of contract, alleging that he had entered into a contract for the purchase of a lot of ground from the defendant corporation on the fourth of October, 1902, a copy of which agreement is attached to the statement of claim. That certain oral representations were made to the plaintiff as an inducement to the execution of said written agreement and contemporaneous with the same. These oral contemporaneous agreements were:

That within two years the defendant company would erect an incline plane running from Colonial avenue to the top of the hill and connected with Charles street in said plan.

That a street car line would be constructed on Colonial avenue to connect with a proposed line to Coraopolis.

That all the lots in Block No. 1 fronting on Colonial avenue, except No. 30, were then sold, and that all the lots in Block No. 2, with the exception of two or three lots, were sold.

That the defendant company had certain men at work on the east side of the Lake Erie Railroad, and represented to the plaintiff that the work then in progress was the beginning of the erection of a large bridge works.

That he believed these statements to be true and, in consideration of them, entered into an agreement to pur-

chase the said lot, averring that the oral representations and those printed on said plan constituted a contemporaneous parol agreement with the written agreement and became a part of the written agreement between the parties plaintiff and defendant.

The written agreement was as follows: "It is understood and agreed that when one-half of all lots fronting on any street in said plan are sold, the Colonial Land Company will enter into contracts for improving said streets by paving, curbing, sewering and laying of cement or flagstone sidewalks thereon."

Plaintiff alleges that the bridge works were not built, that the street car line was not built, that the incline plane was not built, and that Colonial avenue had not been improved, alleging, therefore, a breach of contract, and brought suit to recover damages.

At the trial of the case the trial judge was of the opinion that the evidence did not sustain the allegation as to the erection of the bridge works and the street railway line, there being no evidence that the agent of the company had alleged that the defendant company was building either the bridge works or the street car line, and the evidence being to the effect that the bridge works was then in course of erection, but had subsequently been abandoned.

The two questions left to the jury were the question of the purpose to build an incline plane and the question as to whether or not the plaintiff had bought his lot on the strength of the representations that more than one-half of the lots on Colonial avenue were sold at that time.  Defendant pleaded the statute of limitations. The plaintiff entered into his contract with the defendant on October 4, 1902, and brought this suit on January 24, 1913, eleven years after the execution of the contract. The contract was in writing and opposite the signature of "Black and Baird, Agents," and Peter Winter are seals in the shape of a scroll.  There is nothing in the body of the contract which indicates that it is a contract

under seal; as, for instance, there is no clause of the contract as "witnesseth the hand and seal of the parties" or any indication that the parties intended this to be a contract in specialty.   And again, there was no evidence that Black and Baird, as agents for the Colonial Land Company, had any authority to execute a contract under seal for the corporation.

At the trial of the case the point for binding instructions for the defendant was refused because the contract was in writing and had the seal opposite the names of the parties, and if it was a contract in specialty, then the statute of limitations, so far as the breach of that contract was concerned, would not bar an action within six years.   The theory upon which the case was submitted to the jury, so far as the question of breach of contract in neglecting to grade, pave, curb and sewer Colonial avenue, was that that agreement was in written contract, and if the plaintiff bought his lot on the strength of the representations of the agents of the defendant that one-half of the lots on Colonial avenue were sold, then the defendant was estopped from denying that one-half the lots were sold.   So far as the breach of contract for the building of the incline plane is concerned, that was purely an oral representation, and under the testimony and allegation that incline plane was to be built within two years from the date of this contract, which would be 1904, or over eight years before the bringing of this suit.

I am satisfied that so far as the defendant corporation is concerned, the contract for the sale of this land was not a contract in specialty, and, therefore, a claim for a breach of contract would be barred within six years from the date of the breach.   In the first place, according to the plaintiff's allegation, this contract between plaintiff and defendant was partly oral and partly in writing, and that of itself would be sufficient to render the whole of the contract in parol so far as the application of the statute of limitations is concerned; and in

the second place, so far as this defendant corporation is concerned, there is no evidence here sufficient to justify the court in finding that the written contract was a contract under seal.   As I stated before, the contract on its face does not purport to be under seal.   The fact that an agent signed that contract and put a seal opposite his name was not sufficient to bind the principal under a contract of specialty.

And now, January 18, 1915, motion ex parte defendant for judgment for the defendant non obstante veredicto is allowed and judgment is hereby entered for the defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant n. o. v.

*Frank Thomson,* with him *George C. Bradshaw,* for appellant.—The contract was under seal: Taylor v. Glaser, 2 S. & R. 501; Hopkins v. Mehaffy, 11 S. & R. 126; Campbell v. Baker, 2 Watts 83.

*Charles M. Thorp,* with him *A. Leo Weil* and *S. Leo Ruslander.*

Appellant is barred by the statute of limitations, because the written contract was not a sealed instrument: Grubbs v. Natl. Life Maturity Ins. Co., 27 S. E. 464; Bates v. Boston & N. Y. Cent. Ry. Co., 92 Mass. 251; Smith v. Women's Medical College, 72 Atl. 1107.

Even were the written contract a sealed instrument, appellant's reliance partly on such contract and partly on an oral contract reduces the whole contract to one of parol, so far as the bar of the statute of limitations is concerned: Hamilton v. Hart, 109 Pa. 629; Lawell v. Rader, 24 Pa. 283; Carrier v. Dilworth, 59 Pa. 406; Vicary v. Moore, 2 Watts 451.

OPINION BY ORLADY, J., October 11, 1915:
On the trial before the jury, the question of the effect

Opinion of the Court. [61 Pa. Superior Ct.

of the defendant's plea of the statute of limitations, was reserved by the court, and on hearing of a motion for judgment non obstante veredicto it was held to be a bar to the action. We adopt the interpretation of the contract as made by Judge EVANS for the reasons expressed in the opinion filed by him, and affirm the judgment.