## McCoach, Appellant, v. Sheehan.

*Actions—Parties plaintiff — Municipalities — Suit by county— Suit in name of treasurer—Appeal—Dismissal—Practice, Supreme Court—Practice, C. P.*

Actions for the recovery of money due a county should be brought in the name of the county, and not in the name of its treasurer; and where the county treasurer unsuccessfully brought suit in his own name to recover such funds, an appeal from the judgment entered against him was dismissed without prejudice to the county.

Allegheny County v. Stengel, 213 Pa. 493, followed.

Argued March 21, 1917. Appeal, No. 38, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1915, No. 855, entered for defendant on case stated in case of William McCoach, Treasurer for the County of Philadelphia, v. James B. Sheehan, Register of Wills of Philadelphia County. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Appeal dismissed.

Assignment of Error—Opinion of the Court. [257 Pa.

Assumpsit for commissions. Before AUDENRIED, P. J.
The opinion of the Supreme Court states the case.

The lower court entered judgment for the defendant.
Plaintiff appealed.

*Error assigned* was the judgment of the court.

*David McCoach,* for appellant.

*Joseph Gilfillan,* of *Graham & Gilfillan,* with him
*Samuel M. Clement, Jr.,* for appellee.

PER CURIAM, April 16, 1917:

If James B. Sheehan, register of wills of Philadelphia
County, has no right to retain the commissions allowed
him by the Commonwealth on collateral inheritance tax
collected by him for its use, but must pay the same to the
county, under the Act of July 21, 1913, P. L. 878, it is the
only party to compel him to pay. The learned presi-
dent judge of the court below recognized this in saying:
"The judgment here entered cannot bind the County of
Philadelphia. The fees and commissions of the register
are, by the Act of July 21, 1913, P. L. 878, made payable
into the county treasury. They are not, however, to be
paid into it for the benefit of the treasurer, either in his
private or his official capacity. They are to be paid into
its treasury because they belong to the county. In Penn-
sylvania the county is a juridical person. Section 3
of the Act of April 15, 1834, P. L. 537, declares that it
shall have capacity as a body corporate, to sue and be
sued by its corporate name, and to take and hold real
estate and personal property. By section five of the
same act it is provided that 'all suits by a county shall
be brought and conducted by the commissioners thereof,
and in all suits against a county, process shall be served
upon and defense made by the commissioners.' An ac-
tion for the recovery of money due to a county should,
therefore, be brought in the name of the county itself, and

not in that of one of its officers, and should be instituted in its name by its commissioners and not by its treasurer. The latter has no greater right to sue for money payable to him for the use of the county, whether he is mentioned in the præcipe for the writ by his own name alone, or described by the addition thereto of his official title, than he would have while treasurer of a private corporation to initiate an action in his own name for the recovery of money due to it. The proper practice in cases of this character is exemplified in the case of Allegheny County v. Stengel, 213 Pa. 493. It is to be regretted that the precedent afforded by the proceedings there was not followed in this case, since, unless our views on the subjects above discussed commend themselves to the proper county authorities, the whole matter must be litigated again." In view of this correct conclusion, the court should have gone further and declined to determine the questions raised by the case stated as not being properly before it. Those questions are not now properly before us, and we cannot pass upon them until they are brought up on an appeal from a judgment in a case to which proper parties are litigants. Appeal dismissed without prejudice to any right the County of Philadelphia may have to recover the commissions which were the subject of the case stated.