# Stucker *v.* Shumaker, Exrx., Appellant.

*Contract — Judgment note—Written contract—Specialty—Two contracts — References to each other — Evidence — Self-serving statement—Statute of limitations—Collateral security under seal.*

1. Two papers made on different dates, containing no internal reference to each other, are not evidence of one and the same transaction, in the absence of any parol evidence to connect them.

2. A judgment note made payable "as per agreement after date" without more, cannot be sued upon, inasmuch as the condition to pay is dependent on the terms of some undesignated contract.

3. If a suit is brought on such a note against the maker's executors, and after affidavit of defense filed there is found among deceased's effects a memorandum of a date different from the note, showing the terms of an agreement between deceased and plaintiff with provision for a judgment note as security, and a statement in deceased's handwriting that the agreement "had been fully settled and canceled," such endorsement made by the debtor is not admissible.

4. The self-serving statement made by the deceased in the absence of plaintiff and without his knowledge, was not such part of the whole memorandum as to compel its reception.

5. In such case, even if the connection between the two transactions was legally established, there was no merger, so as to defeat the bar of the statute of limitations against what was alleged to be due under the unsealed agreement.

6. A simple contract debt, is not protected from the bar of the statute of limitations because accompanied by collateral security, though the latter consists of a specialty.

*Statute of limitations—Claim against decedent—When bar of statute begins to run—No fraud.*

7. In an action against an estate of a decedent, where it appears that the deceased agreed to buy stock for the joint account of himself and plaintiff and resell the same and account for half the profits, the statute begins to run from the resale of the stock, and this is true though plaintiff was ignorant of the fact, where he had not been imposed upon, or fraud practiced.

8. Any presumption, as to the validity of a claim against the estate of a decedent, should be resolved against the claimant, where it appears that the deceased was at all times able to pay the debt, and that plaintiff was securing loans from him after the time when he was supposed to be the creditor.

Argued May 17, 1927   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 36, March T., 1927, by defendant, from judgment of C. P. Cambria Co., Sept. T., 1923, No. 237, on verdict for plaintiff, in case of George B. Stucker v. Antonia C. Shumaker, Exrx.   Reversed.

Assumpsit on note.   Before EVANS, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,750.   Defendant appealed.

*Error assigned,* was refusal of judgment for plaintiff n. o. v.

*J. Earl Ogle, Jr.,* with him *Carlos Berguido, Jr.,* and *Ira Jewell Williams,* of *Brown & Williams,* for appellant.—The memorandum made by the appellee alone is self-serving.

The judgment note does not incorporate the appellee's memorandum by reference: Baker's App., 107 Pa. 381.

The claim is based upon the memorandum and barred by the statute of limitations: Slaymaker v. Wilson, 1 P. & W. 216.

*Frank P. Barnhart,* for appellee.—The note is complete in itself without reference to any extraneous evidence: Horner v. Horner, 145 Pa. 258.

It will be presumed, by reason of the lapse of time that the note was due and the burden was on defendant to prove the contrary: Rhone v. Coal Co., 250 Pa. 336.

The memorandum was sufficiently identified: Seitzinger v. Ridgway, 4 W. & S. 472; Commissioners v. McCalmont, 3 P. & W. 122; Weinroth v. Clothing Co., 84 Pa. Superior Ct. 107.

The action was properly brought on the note and the statute of limitations does not apply: Hamilton v. Hart, 109 Pa. 629; McManus v. Cassidy, 66 Pa. 260; Commissioners v. McCalmont, 3 P. & W. 122; McCombs v. McKenna, 2 W. & S. 216; Ellmaker v. Ins. Co., 6 W. & S. 439; Irwin v. Shultz, 46 Pa. 74; Shaeffer v. Geisenberg, 47 Pa. 500; Quigley v. DeHaas, 98 Pa. 292.

The memorandum signed by plaintiff was not incompetent as a self-serving declaration: Crossgrove v. Himmelrich, 54 Pa. 203; Selig v. Rehfuss, 195 Pa. 200; Glatfelter v. Mendels, 46 Pa. Superior Ct. 562.

OPINION BY MR. JUSTICE SADLER, June 25, 1927:

Stucker, the plaintiff, brought this action to recover from the Shumaker Estate the sum of $7,500, alleged to be owing by reason of a contract entered into June 5, 1905, wherein the decedent agreed to buy and hold for their joint account 300 shares of the Dollar Deposit Bank of Johnstown, resell the same at a profit, and pay over one-half of the proceeds received. It was claimed that a judgment note was given on August 30, 1905, by Shumaker to Stucker for the amount sued for, made payable "as per agreement after date," and that this obligation, under seal, was collateral security for the payment to Stucker of the moneys which should become due to him. One-third of the stock was disposed of in 1908, and the balance in September, 1911, at a price not in excess of $50 per share. The bank did not operate successfully, and was liquidated in 1912, having paid but two dividends of three per cent each from the date of its formation. No claim for a share of the purchase price of the stock was made by the plaintiff upon Shumaker prior to his death in 1923, so far as appears by the record, though the former knew for many years previously that the institution had ceased business. During the entire time, the decedent was financially able to pay promptly any indebtedness due, keeping large bank balances, and loaning to others considerable sums.

After 1911, the plaintiff, on several occasions, borrowed money from him, subsequently repaying the loans secured.

This action was brought against his estate in 1923, and the claim first based on the judgment note of 1905, above referred to, the warrant to confess having lost its efficacy when the maker died: Lanning v. Pawson, 38 Pa. 480. An affidavit of defense was filed raising the legal question of the right to recover because the note was incomplete, the condition to pay being dependent on the terms of some undesignated contract, and, therefore, no cause of action was properly set forth. It could not be enforced as an independent liability unaffected by the agreement to which it referred, whatever that might be: Post v. Ry. Co., 171 Pa. 615. On the argument of the statutory demurrer, it became known that the executrix had found among the decedent's papers an unsealed document, dated June 5, 1905, signed by Stucker alone, and in his handwriting, in which provision was made for the purchase of the bank stock, to be held in equal shares, and for the giving of a judgment note for $7,500 by Shumaker "to protect the interests" of the other party. On the back of the document so found was an endorsement written by Shumaker, as follows: "Sept. 1911. This Aggrement has been fully settled and canseled. Note that George B. Stucker holds he agred to distroy not having said not[e] with him when sttlement was made between the two parties in the aggrement. J. M. Shumaker." Thereupon, the plaintiff filed an amended statement of claim based on the writing found in the possession of decedent, and for which it was claimed the judgment note first sued on had been given as collateral.

At the trial, the paper of June 5, 1905, was exhibited on call, and offered in evidence as proof of the "agreement" mentioned in the note of August 30th, which was also presented. The endorsement of payment on the back, made by the decedent, was not admitted, though

appellant insists it should have been as a part of the whole paper produced on notice. Where a favorable entry in an account called for is connected with another offered, both should ordinarily be received in evidence as part of the entire document: Withers v. Gillespy, 7 S. & R. 10. On the same principle, a memorandum written on the document in question by third parties is admissible, the burden then falling upon the offerer to explain, if it improperly appears there (Cary v. Cary, 189 Pa. 65), and the same is true when the endorsement is by the party who would be injured by such addition: Wallace v. Dorris, 218 Pa. 534. But the self-serving annotation in the present case was made by the decedent in the absence of the one attempted to be bound by it, so far as appears, without his knowledge, and was not such a part of the whole as to compel its reception: Helzer v. Helzer, 193 Pa. 217. Though it may have been admissible to show the possession of the paper at the time the endorsement was made (Tritt v. Crotzer, 13 Pa. 451), it could not be received generally to establish a satisfaction of the obligation.

A more serious objection to the admission of the contract and collateral note, as evidencing one and the same transaction, was raised at the time they were offered, in that it failed to clearly appear that the agreement referred to in the obligation of August 30th, was that of June 5th. There is no internal reference in the note to a contract made at that time, and the two papers do not bear the same date. The former was presumptively payable immediately (Rhone v. Keystone Coal Co., 250 Pa. 336), and would bear interest from the date of demand, while the latter obligation by its terms imposed no liability therefor. It is true the amount is the same, and that provision was made for collateral security in a like sum, but there is nothing to show that there was no other agreement between the parties, which may have been referred to. If it were possible to consider the endorsement on the back of the paper, rejected as evidence,

the conclusion of plaintiff might be justified, but this testimony is not made available by this record. The learned court below in its charge and opinion assumes the transaction to be admittedly the same, but an examination of the offers and objections to the receipt of the papers, on the ground mentioned, shows the objections to have been consistently pressed.

It is impossible to say that the two papers, made on different dates, containing no internal reference to each other, are evidences of one and the same transaction: Hennershotz v. Gallagher, 124 Pa. 1. The reference must be such as to incorporate the one document into the other (Manufacturers L. & H. Co. v. Lamp, 269 Pa. 517), and here it is not so clear as to justify holding that the transaction is identical, there being no proof, other than the contents of the paper, to indicate this: Baker's App., 107 Pa. 381; Franklin Sugar Refining Co. v. Howell, 274 Pa. 190. "It is a general rule that the reference, relation or connection of the writings to or with each other must appear on their face. The writings must contain either an express reference to each other or internal evidence of their unity, relation or connection": Swift & Co. v. Meehan, 283 Pa. 429, 433; Paturzo v. Ferguson, 280 Pa. 379. There was no effort to connect the papers by parol, as in Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112.

If we assume the connection was legally established, as did the learned court below, then we would be confronted with an unsealed writing signed by the creditor, accompanied by a sealed note of the debtor as collateral to ensure performance. It is urged that this resulted in the merger of the former in the latter, and that, in considering the rights of the parties, the present action, though based on the original contract, must be treated as one upon a sealed instrument. In Vicary v. Moore, 2 Watts 451, relied on in support of this proposition,—and many other cases following,—it was held that a new parol contract, taking the place of a specialty, reduced

the latter to the status of the former. In the opinion there are dicta to the effect that the converse is true, and doubtless it would be if there was a merger of the parol contract into a written sealed one. As the writer of the opinion, Chief Justice Gibson, in the case cited, said later in Ellmaker v. Franklin Fire Ins. Co., 6 W. & S. 439, the question is whether there has been a substitution of the new contract for the old. See, also, Spangler v. Springer, 22 Pa. 454; Prouty v. Kreamer, 199 Pa. 273.

At most, the judgment note was a mere confirmation of the unsealed agreement on which suit was brought (Seitzinger v. Ridgway, 4 W. & S. 472), and, as appears by the terms of the latter, became collateral security for its performance. "A second security taken in addition to one similar in character will not affect its validity unless there is a discharge by substituted agreement. ......Even security of a higher nature will not extinguish the lower if the higher security is expressly received as collateral, or if it merely recognizes the debt and fixes the mode of ascertaining its amount": 13 C. J. 599. A simple contract debt, as here sued for, is not protected from the bar of the statute of limitations because accompanied by collateral security, though the latter consists of a specialty: Slaymaker v. Wilson, 1 P. & W. 216, 219; 37 C. J. 700. It was said in the case last cited: "The deed was in the plaintiff's possession for some purpose; but whether as a pledge, or for the purpose indicated in the order, could not appear by the naked production of it. I presume the argument is, that the owner would have demanded it in a convenient time, had he not been conscious that it was held as a security......On the other hand, there is an indefinitely stronger presumption that the plaintiff would have exacted the interest, if not the principal, if anything were due. But, in any event, the statute of limitations furnishes a bar to the action."

The present suit is based on the breach of the contract of June 5, 1905. A portion of the stock was sold in

1908, and the balance in 1911, and the obligation of Shumaker to pay was then complete. The cause of action of the plaintiff then arose, and the statute of limitations began to run from that time: Himrod v. Kimberly, 219 Pa. 546; Rhines v. Evans, 66 Pa. 192; Winter v. Colonial Land Co., 61 Pa. Superior Ct. 215. And this is true though the claimant was ignorant of the breach, where he has not been imposed upon, or fraud practised: Campbell v. Boggs, 48 Pa. 524; Dalzell v. Lewis, 252 Pa. 283; 37 C. J. 831. In the present case, there is no indication of any concealment of facts. The stock was sold in 1911, and the bank itself dissolved the following year, yet, so far as appears, no demand was made for twelve years later, and then the mouth of Shumaker had been closed by death. It is of course true that the barring of the debt does not prevent realization upon securities held as collateral: Hartranft's Est., 153 Pa. 530; U. S., to use, v. Trust Co., 213 Pa. 411; Evans v. See, 23 Pa. 88. Here, however, the claim upon which suit was based had been barred, and the note, referring to another unnamed agreement, could not be enforced as it stood, nor could judgment be entered on the warrant to confess because of the maker's decease.

If the demand now made could be treated as a specialty, on the theory of a merger, as advanced by plaintiff, which it cannot be, then, of course, the statute of limitations would have no application, and, as slightly less than twenty years had elapsed from the date of the note, there would be no presumption of payment. But we are not confronted with that question, nor need we discuss the effect of the proof that the contract sued on was found in the possession of the deceased (Hesler v. Hesler, supra; Bracken v. Miller, 4 W. & S. 102; Zeigler v. Gray, 12 S. & R. 42), for the statute of limitations applies, more than six years having gone by from the date of breach without the bringing of suit.

Whatever presumptions arise, as to the validity of this claim, should be resolved against the claimant. Such

demands, enforceable during the lifetime of the decedent, are the subject of just suspicion, and require strict proof to sustain them: Bradshaw's Est., 243 Pa. 114; McMahon's Est., 132 Pa. 175; Reynolds v. Williams, 282 Pa. 148. There is every reason to cautiously scrutinize the claim here attempted to be made, when the evidence establishes that the deceased was possessed at all times of ample means to liquidate any debt he might owe, particularly in view of the fact that the plaintiff was securing loans from him after the time when he was supposed to be the creditor: Morrison v. Collins, 127 Pa. 28; Miller's Est., 188 Pa. 214; McMichan's Est., 220 Pa. 187.

A careful examination of the whole record convinces us that judgment should have been entered for the defendants non obstante veredicto. Even if a finding that the two papers were sufficiently connected to establish the transaction as one and the same was justified, the statute of limitations was applicable, and right to recovery barred.

The judgment is reversed, and is here entered for the defendants.