494

## Commonwealth, to use, v. Seiz et al.

*Stevens & Lee*, for plaintiff; *C. W. Matten*, for defendants.

SHANAMAN, J., April 3, 1933.—The Township of Lower Alsace instituted an action in assumpsit to recover from the defendant, Charles W. Seiz, as tax collector of Lower Alsace Township, and from David Bauer and George J. Goll, as sureties on Seiz's bond, certain moneys alleged to be due for uncollected taxes, and for taxes collected but unremitted, assessed for the years 1931 and 1932. The taxes were the road, light, and hydrant taxes of the township. The suit was brought in the name of the Commonwealth of Pennsylvania, to the use of the Township of Lower Alsace. The defendants filed an affidavit of defense raising certain questions of law.

The first defense is that the writ does not contain the proper parties. The Act of June 14, 1836, P. L. 637, sec. 6, clause 1, provides as follows: "The writ shall in such case, be issued in the name of the commonwealth, and the names of the persons by whom the same shall be sued out, shall be suggested as plaintiffs therein, and such persons shall be liable for the costs of the suit, in like manner as plaintiffs in other cases." The Township of Lower Alsace is such person, and it may become liable for costs. Therefore the writ, issued to the use of the Township of Lower Alsace, sufficiently complies with the act.

Defendants' second contention is that the suit is improperly brought, under The General Township Act of July 14, 1917, P. L. 840, sec. 1395, which reads as follows: "All suits by a township of the first or second class shall be brought and conducted by the township commissioners or township supervisors. In all suits against a township, process shall be served upon and defense made by the township commissioners or supervisors." Section 385, of the same act provides as follows: "Townships of the second class may—

"1. Sue and be sued by the name of the township of . . ." Lower Alsace is a township of the second class. The statement of claim is properly signed by counsel, is sworn to by George L. McMichael, who swears that he is a supervisor of the Township of Lower Alsace, use-plaintiff in the above cause, and that he makes this affidavit on its behalf and by its authority. It sufficiently appears,

therefore, that the suit is brought and conducted by one of the supervisors. It does not appear from the statement of claim or affidavit of defense that there were other supervisors in office at the time suit was brought or that they are not bringing and conducting the suit.

In Commonwealth v. Washington Township et al., 10 D. & C. 687, 692, the court, commenting upon section 1395 above quoted, said: "That act merely refers to the service of process. Suits should be brought as heretofore." In McCoach v. Sheehan, 257 Pa. 545, the Supreme Court construed section 3 of the Act of April 15, 1834, P. L. 537, relating to counties, the pertinent language of which is exactly similar to that of section 1395 of the Township Act. The court said, at page 546: "An action for the recovery of money due to a county should, therefore, be brought in the name of the county itself, and not in that of one of its officers, and should be instituted in its name by its commissioners and not by its treasurer. The latter has no greater right to sue for money payable to him for the use of the county, whether he is mentioned in the præcipe for the writ by his own name alone, or described by the addition thereto of his official title, than he would have while treasurer of a private corporation to initiate an action in his own name for the recovery of money due to it."

In Commonwealth ex rel. Schuylkill County et al. v. Sitler et al., 258 Pa. 570, a similar suit was brought on the relation of the County of Schuylkill, without naming the county commissioners in the caption. It is true that it appears that in that case the county commissioners adopted a resolution instructing the county solicitor to proceed at law on the collector's bond. We are not prepared to say, however, that the want of such an allegation in the statement of claim, which was sworn to by one of the supervisors in his official capacity, is sufficient to warrant the conclusion that the cause of action is not sufficiently alleged or that the suit is not brought by the right party.

The third and fourth objections to the statement of claim are based upon the fact that it does not contain or set forth the written report of the board of auditors showing any balance to be due on the tax duplicates for the years 1931 and 1932, and that, further, the statement merely sets forth the balances alleged to be due, without specifying in what manner or upon what items of charge the balances are arrived at. Defendants contend that this violates the Practice Act of 1915 in not containing or attaching a copy of all "notes, contracts," etc., sued on. This objection cannot be sustained, for the reason that the suit is on the collector's bonds, copies of which are properly attached to the statement and made part thereof. Neither is it a suit upon an account, nor is it a suit upon the auditors' audits and settlements of account, though such may be proper or even essential evidence upon a trial of the issues. In Fabel v. Mayer, 14 Pa. Superior Ct. 139, it was held that a copy of a written appraisal of the value of goods made by a third person is unnecessary in an action to recover the price of goods sold under an oral contract fixing the price at such appraised value. In Commonwealth, to use, v. Gruver et al., 13 Pa. Superior Ct. 553, a statement was held sufficient which assigned with certainty the failure to pay or account for a definite sum claimed as the balance of the taxes in the duplicate for a given year.

Defendants' fifth and sixth objections are to the effect that since plaintiff's statement of claim alleges that the accounts of the defendant tax collector for the tax duplicates of 1931 and 1932 were audited at a meeting duly held November 21, 1932, such audits were illegal and invalid because by the Act of July 14, 1917, P. L. 840, sec. 325 and sec. 231, and by the Act of May 7, 1923, P. L. 156, sec. 1, and by the Act of May 21, 1923, P. L. 291, No. 188, sec. 1, the proper time to hold such meeting of auditors was on the next day following the first Monday

in December 1931 and 1932, respectively. Under the statutes cited, the meeting on November 21, 1932, was not held upon the regular day provided by said statutory enactment. The sixth and ninth paragraphs of the statement of claim, however, allege that the defendant was notified to attend the ·meeting. We are of opinion that the statutory direction is not mandatory in the sense that it fixes a sole date on which exclusively the meeting to audit the account must be held. "A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, and made with a view to the proper, orderly, and prompt conduct of business, is usually directory, unless the phraseology of the statute, or the nature of the act to be performed and the consequences of doing or failing to do it at such time, is such that the designation of time must be considered a limitation on the power of the officer": 59 C. J. 1078, sec. 634. In South Bethlehem School District v. McGovern, Tax Collector, 6 Northamp. 237, a somewhat similar question was presented. There the meeting was held not on the statutory day, nor was notice thereof given to the collector, but the court held that he subsequently ratified the audit. "As the statutory mode of ascertaining the balance due was pursued, probably the sole effect which could be given to the defendant, if he had not accepted the decree by acquiescence in it, by part payment, and receipt of commissions, would be to hold that the amount found to be due by that settlement is not now *conclusive* upon him; but that any error in it could be corrected here. It would not be a bar to this action as in the School District's App. (1 Pa. Superior Ct. 502, supra) where a writ issued prior to any action of the township Auditors": id. 241. Assuming, as averred in the statement of claim, that the collector was notified of the auditors' meeting, we are not prepared summarily to hold at this stage in the proceedings that the auditors' settlement of account is not a sufficient basis for the suit.

And now, to wit, April 3, 1933, defendants' affidavit of defense raising questions of law is overruled, and defendants may file supplemental affidavit of defense to the averments of fact in the statement within 15 days.

From Charles K. Derr, Reading, Pa.