By the Court. Oakley, Ch. J.
It is not necessary to deny that in this state the law is settled, that the acceptance by a creditor of the bill or note of a third person, even when not endorsed by the debtor, never operates as. a satisfaction of a precedent debt, unless it is expressly shown that such, at the time, was the understanding and agreement of the parties; and *389 it may also be admitted that this rule prevails, even when a receipt is given by the creditor, acknowledging the bill or note to have been received by him as a payment in full. But these admissions are not at all inconsistent with the position that when the seller of goods, at the time of the sale, accepts the note of a third person not endorsed by the debtor, and gives a receipt for it, as a payment, in part or in full, of the price, it is a presumption of reason and, therefore, of law, that the payment so. made was meant to be absolute and the purchaser to be wholly discharged. That this is the reasonable and legal presumption we cannot doubt.
The error in the argument of the plaintiff’s counsel in this case, consists in assuming the existence of a debt from the defendant, when the parties met on the 12th of October; a debt arising from a sale prior to that day; but, in reality, there was no sale before that day, and, consequently, no precedent debt. The order given by the defendant, and its acceptance by the plaintiffs on the 8th of October, were evidence of a verbal agreement; but as none of the goods were then delivered, and no part of the consideration then paid, the agreement was void under the statute of frauds, so that when the parties met on the 12-th, there was no contract upon which either of them was, or could be rendered, liable to the other. The actual sale was made and completed on that day; and as the date and delivery of the goods, and the delivery and acceptance of the note, were simultaneous acts, they musty in our judgment, be considered as parts of one transaction, and the execution of an entire agreement. The sale, by the election of the plaintiffs, was not for cash, or upon credit, but partly for cash, and partly for the note; and the acceptance of the note and the discharge of the defendant thus became conditions of the purchase. All the facts in the case, the entries in the books, and, emphatically, the terms of the receipt, correspond entirely with this view of the intention nf the parties, and, as it seems to us, do not admit of any other interpretation. Whether a receipt thus given, and expressed to be for a payment in full, ought not to be held as concluding the plaintiffs, is unnecessary now to determine; but we are clearly of opinion that it cast upon them the burden of proof, and that the conclusion, which its terms necessarily *390 suggest, could only be repelled by evidence of an express agreement that the note should be held only as collateral security, and its amount be credited to the defendant only when collected. Ho such evidence was given or offered upon the trial.
We are therefore of opinion, that the defence set up in the answer has been established, and that the defendant is, upon the facts, as they appear in the case, e'ntitled to judgment.
We remark, in conclusion, that we have not been referred, tó any adjudged case which is in conflict with the views we have expressed. The observations in Munroe v. Hoff, and in Porter v. Talcott, are merely dicta, while, on the other hand, our present decision is fully sustained by the judgment of this court, in St. John v. Purdy (1 Sand. S. C. Rep. 9).
Verdict for plaintiff set aside, and verdict and judgment thereon, with costs, entered for defendant.