## Jose & al. versus Baker.

An accepted unnegotiable order on a third person, given by a debtor to his creditor for a *precedent* debt, is no defence to an action on such indebtment, although the debtor has the original bill receipted as paid by such order.

*Payment* of a *precedent debt*, by such an order, can only be proved by a special agreement to that effect.

ON REPORT from *Nisi Prius*, WELLS, J., presiding.

ASSUMPSIT, for goods sold and delivered, amounting to $42,69, on May 16, 1851. The writ also contained the common counts and a specification, that under them, the plaintiffs would prove an order of this tenor :—

"Mr. A. B. Baker, Please pay Messrs. Poor & Jose, $42,69, in goods, and charge the same to my account.

"Feb. 7, 1852,                               "Josiah Baker."
Which order was accepted by A. B. Baker on the day of its date.

The sale and delivery of the goods were admitted, and under the common counts the plaintiff introduced the above order.

It also appeared, that at the date of the order, the plaintiffs had a running account with said A. B. Baker, and subsequently to its date, took up goods to the amount of six dollars at his store.

On March 30, 1852, said A. B. Baker failed in business, and immediately afterwards refused, upon demand made, to pay the order.

The defendant introduced an account identical with the one annexed to the writ, at the bottom of which was written:

"Feb. 7, 1852. Received payment by order on A. B. Baker.                               "Poor & Jose."

It also appeared, that A. B. Baker, upon acceptance of the order, credited its amount to the plaintiffs, and charged it to the defendant.

After these facts were proved, the case was taken from the jury, and submitted to the decision of the full Court, with authority for them to enter a nonsuit or default, as the law upon the facts and admissions in the case, might require.

*O'Donnell*, for the defendant.

*Shepley & Dana*, for the plaintiffs.

SHEPLEY, C. J. — Under what circumstances a note, bill of exchange, or order of a third person, received by a creditor from his debtor, will operate as payment, has been recently considered by the Superior Court in the city of New York. The law as there held, appears to be founded upon the authority of previously decided cases, and to commend itself to the judgment.

Such paper there never operates as a satisfaction of a

precedent debt, "even when a receipt is given by the creditor acknowledging the bill or note to have been received by him as payment in full;" unless it be expressly shown, that such at the time was the agreement of the parties.

But when the seller of goods, at the time of sale accepts such paper of a third person, not indorsed by the debtor, and gives a receipt for it as a payment in part or in full of the price, the presumption of law is, that such payment was meant to be absolute, and that the purchaser was to be wholly discharged. *St. John* v. *Purdy,* 1 Sand. 9 ; *Noel* v. *Murray,* 1 Duer, 385.

The only difference between the law as administered in England and in that State, and as received in this State, consists in the effect here given to negotiable paper. The paper received by the plaintiffs in this case was not negotiable.

It appears that the account sued was for goods sold and delivered on May 16, 1851. The order was drawn by the defendant on A. B. Baker, and accepted on February 7, 1852, and it was receipted for by the plaintiffs, as received in payment of that precedent debt; but it could not by law so operate without proof of a special agreement to that effect, of which the case finds none.

The facts, that there was an open account between the plaintiffs and A. B. Baker, and that goods were received of him on account after that time, do not afford any satisfactory proof, that such goods were received on account of that order.

The rights of the parties cannot be affected by the entries made by A. B. Baker on his books.

*Defendant defaulted.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.