By the Court. Bosworth, J.
Proof of such an agreement as is stated in the complaint, and of full execution of it, on the part of Meyer, standing alone, would entitle the plaintiff to recover the $531tm-. The plaintiff could sue on such a promise, in his own name, although not a party to the agreement, by being present and participating in the making of it, and such an agreement is not affected by the statute of frauds. (Barker v. Bucklin, 2 Denio, 45, and cases there cited.)
Notwithstanding that Meyer testified that “the sale was in writing,” and that the papers shown to him were executed by him, and delivered to the defendants, the plaintiff should not, for that cause, have been stopped short in his examination of the witness, and precluded from showing, if he could, that such an agreement was made in.September, 1852, as the complaint states, and the delivery of the goods to, and an acceptance of them by the defendants, pursuant to, and in execution of, such agreement. We think that answers, naturally and fairly responsive to some of the questions put by plaintiff’s counsel, and excluded by the court, might have proved such an agreement and its consummation. We are not at liberty to say, that if the witness had been permitted to answer, he would have failed to give such evidence. We must presume those questions were put with a view to prove the plaintiff’s cause of action; and as responsive answers might have established it, the refusal of the court to allow the witness to answer was erroneous.
*570 If the agreement alleged in the complaint was made, and Meyer delivered, and the defendants accepted the goods in pursuance of it, the plaintiff is-entitled to recover the $531tóv, although subsequent to the delivery and acceptance of the goods Meyer executed the papers, which were produced and exhibited to him on his examination at the trial.
An agreement between Meyer and the defendants, such as the complaint avers was made in September, 1852, would not preclude them, before any thing had been done under it to make it obligatory upon the parties to it, and which would have created a right of action by reason of it, in favor of the plaintiff against the defendants, from, annulling or abandoning the agreement, and making a new one upon such terms as they might think proper.
If it should turn out that they subsequently made-a different agreement, under -which the goods were delivered and accepted, and that it was no part of that agreement that the defendants should pay to the plaintiff the debt which Meyer owed the plaintiff, the plaintiff could not recover in this action.
Even if such agreement was a fraud upon the creditors of Meyer, and was made with intent to defraud them, the plaintiff, as a creditor at large of Meyer, could not assail it in this action. (Reubens v Joel, 3 Kern. 488.)
But the plaintiff may show, if he can, such an agreement as is stated in the complaint, and the delivery by Meyer, and the acceptance by the defendants of the goods, in execution of it, before the bill of sale of the 9th of October, 1852, was executed and delivered. If, after such a delivery and acceptance of the goods, in. execution of such an agreement, that bill of sale, and the receipt 'annexed to the invoice, were executed, it should not affect the plaintiff’s right to recover.
The bill of sale, of itself, and standing alone, would be no obstacle to the reception of parol evidence to prove what price the defendants agreed to pay for the goods, or the manner in which, or the persons to whom, they promised Meyer they would pay it. (Murray v. Smith, 1 Duer, 412. Affirmed as to those points in the Court of Appeals.)
But if there was no agreement concluded before the goods were delivered and accepted, or if one had been made in form, but before any thing had been done to execute.it, by either party to it, *571 it was modified, and all previous conversations or understandings ended by accompanying the delivery of the goods with a delivery of the bill of sale, and the receipt, so called, which is annexed to the invoice, a different question may be presented.
A mere receipt is, undoubtedly, susceptible of explanation by parol evidence, as to the nature or payment of the consideration stated in it, when such proof does not prevent the instrument from operating to pass a title, or to give effect to the transfer as a transfer. But when a receipt also contains clauses of contract, the latter are no more subject to be varied by parol evidence than any other written contract. (Kellogg v. Richards, 14 Wend. 116; Coon v. Knap, 4 Seld. 402; vide Noel v. Murray, 3 Kern. 167.)
The receipt in question imports that Mr. Meyer was indebted to Rufus E. Crane & Co., and agreed and consented to sell the goods, to the invoice of which it is appended, in satisfaction of his indebtedness to them. It does not state, in terms, that they agreed and consented to accept them in satisfaction of such indebtedness, nor that such satisfaction was the whole consideration of such transfer. Their acceptance of the goods, with that paper annexed, may import, and is, undoubtedly, evidence that they accepted them on those terms.
Whether, if they were plaintiffs in an action against Meyer to recover an alleged balance, which the proceeds of the goods were insufficient to pay, or to recover the indebtedness mentioned in the receipt, proof of the delivery of the goods, and that the invoice and this receipt accompanied such delivery, without proving more, would preclude them from showing that they did not accept, nor agree to accept, them in full payment, may be a somewhat different question from any one settled by either of the three cases last cited.
In Kellogg v. Richards and Coon v. Knap, supra, the plaintiff’s receipt, which was produced in bar of the plaintiff’s action, stated in the first case, the receipt of a note made by a third person, “ as a compromise for the full payment,” and in the latter, of a specific sum, “in full for damages done to us by the stage accident,” or, in other words, of the plaintiff’s cause of action. The court held these clauses to be clauses of contract, and not capable of being varied by parol evidence. In the present case, no paper writing, signed by the defendants, was shown which evidenced any agree *572 ment on their part. The acceptance of the bill of parcels, with the receipt annexed, is, undoubtedly, evidence against them that they accepted the goods on the terms stated in the receipt. But do those facts alone estop them from showing to the contrary ?
In Noel v. Murray, (1 Duer, 385, and 3 Kern. 167,) the receipt of the plaintiff stated that the note of a third person and a sum of money were “received in full for the above bill,” the amount of which bill that suit was brought to recover. In the latter case, a verdict was taken in this court for the plaintiff, subject to the opinion of the court upon a case containing the whole evidence. This court gave judgment against the defendant; and in the opinion delivered, the question was suggested, but not decided, whether such a receipt ought not to be deemed to conclude the defendant. That action went to the Court of Appeals after the case had been turned into a bill of exceptions, according to which it was submitted to the jury for them to determine, as a question of fact, whether the note was received as actual payment and satisfaction, and they found that it was.
The Court of Appeals do not intimate or suggest the idea that the receipt was conclusive, although they held, on the facts of the case, that there was no valid debt existing against the defendant prior to the day on which the receipt bore date, and that, independent of any thing contained in the receipt, the legal presumption was, that the note was received in payment. Whether the plaintiff is estopped from showing that' the receipt, so called, does not state the actual agreement between Meyer and the defendants, even if it would be conclusive as between the latter, except in an action by one of them against the other, to set it aside for fraud or clear mistake, it is .unnecessary to decide. That question does not now arise, and may not, on another trial.
It is sufficient to say, that the plaintiff is not a party to that paper, nor to the bill of sale of the 9th of October. He does not claim under those papers, nor under any agreement made on the day of their date, or at the time of their delivery.
A written agreement concludes the parties to it, and privies, but not strangers. (Whitbeck v. Whitbeck, 9 Cowen, 263-270.)
Whether the evidence which may be given on another trial will place the plaintiff in the position of a privy to these contracts cannot now be foreseen.
*573 Nor are we, now, at liberty to pass upon the question, whether, if it should appear that the delivery of the goods by Meyer to the defendants was accompanied by the bill of sale and the receipt, both of those parties, as between themselves, would be concluded from showing by parol, that the consideration was different in its nature from, or larger than that named in, either the bill of sale or the receipt ? In the bill of sale it is stated to be $1632TVY lawful money. In the receipt it is stated that Meyer consents and agrees to sell the goods to Rufus E. Crane & Co., for his indebtedness to them.
Construing the two together, it is not an unnatural construction of the receipt, to read it as declaring that such indebtedness is treated by both parties as .money paid to Meyer, to the extent of its amount. Nor would proof, that such indebtedness, in the contemplation and agreement of the parties, consisted, in part, of the sum owing by Meyer to the plaintiffs, and which the defendants had assumed to pay, be necessarily in conflict with the meaning of the terms of the receipt.
In Murray v. Smith, when before the Court of Appeals, Gardiner, J., said, that, prima facie, the consideration was such as the deed stated, and payment of it had been made, as the deed declared. Still it was competent for the plaintiff to prove that it had not been paid; that the sum was greater or less than the deed declared, or that it was not pecuniary, in whole or in part.
That if a special agreement constitutes a part of the consideration, that agreement and a breach of it might be shown, whether it was an agreement to pay money to the plaintiff or to Powers, the mortgagee, or whether it was an agreement to indemnify the plaintiff against half of that incumbrance.
In other words, when proof of the agreement as alleged, will not prevent the bill of sale or instrument of transfer from being effective as such to pass a title, and such agreement, in fact, forms part of the actual consideration, the plaintiff may prove it if he is the party damnified by non-performance of it, and there is nothing in the clause relating to the consideration so conclusive upon the parties as to render such proof inadmissible.
When the facts are fully developed, the court must judge whether they present a case falling within this rule, or one falling *574 within the prohibition against varying or enlarging the terms, or clear legal import of a written contract by parol evidence.
We grant a new trial on the ground that it was competent for the plaintiff to prove, if he could, the contract between Meyer and the defendants set out in the complaint, and the delivery of the goods by Meyer to the defendants, and an acceptance of the goods by the latter pursuant to, and in execution of, that contract.
We think the plaintiff was precluded from giving such evidence by the decision, that the questions put to the witness, Meyer, could not be allowed to be answered by him.
A new trial must be granted, with costs to abide the event.