*49 By the Court,
Garvin, J.
This action is brought to recover $1004.35, with interest from the 11th of December, 1860. The defense interposed is a denial of any promise to pay. The case was referred, and the complaint dismissed on the ground that the promise proved was void by the statute of frauds. Judgment was entered for the defendants, and the plaintiff appeals.
It will be conceded that this sale and transfer was a sufficient consideration to sustain the promise, unless it was necessary to reduce it to writing, as required by the statute of frauds. This statute makes all promises to answer for the debt of another void, unless reduced to writing. This is plain. It is also true, and quite as plain, that a promise to pay, for a good consideration, is valid, though not reduced to writing. The first is a promise to answer for the debt of another. The last. an obligation and promise to answer for one’s own debt. It is well settled, upon authority, that all promises founded upon a consideration which “ moves to the primary debtor,” as a forbearance to sue him, a release of some security to him, or harm to his creditor, or any benefit to the debtor, in which the promissor has no interest or concern, are void, because within the statute. But where the promise is founded upon a consideration, (whatever its nature,) in the. language of Chief Justice Savage, “moving to the party making the promise,” it is not within the statute, and the subsisting liability of the primary debtor is no objection to a, recovery. (Farley v. Cleveland, 4 Cowen, 432, 439.) Where the promise to pay the debt of another arises out of some neto and original consideration of benefit or harm, “moving” between the newly contracting parties, it is not within the statute. (Leonard v. Vredenburgh, 8 John, 29.) These two cases, and the principles there laid down, have been approved by the Court of Appeals, in the case of Mallory v. Gillett, 21 N. Y. Rep. 412.
By these rules this case must be decided : 1st. Did the defendants receive any consideration from any source, as the foundation of the promise in question ? and, 2d. Did they agree, therefor, to pay the plaintiff’s debt ? The referee finds *50 both facts. The primary debtors, (Howes & Co.) conveyed their interest in the ship to the defendants, on or about the 8th of November, 1860, by bill of sale, whether absolutely or as collateral security, makes no difference. 2d. That the defendants agreed to pay the plaintiff’s demands, together with 'other demands, each of which were specified and pointed out at the time the transfer took place. The defendants deemed it for their benefit and advantage to take the interest of Howes & Co.„ in the ship, and by the bill' of sale got the control of their property, for their undertaking and promise to pay the bills against the ship. Plowes & Co. parted with, their interest in the ship to the defendants, thus giving the defendants a consideration upon which they promised Howes & Go. to pay the plaintiff.
Although the effect of the defendants’ promise was to pay the debt of Howes & Co. to the plaintiffs, the primary and leading design of the defendants was to obtain the interest of Howes & Co. in the ship, and to secure their own demand against them. In other words, Howes & Co. conveyed their interest in the ship to the defendants, they promising, in consideration thereof, to pay this debt to the plaintiff, thus obtaining the property of Howes & Co. and promising to pay for it. If the agreement upon this consideration had been to pay Howes & Co. directly, no one would have thought it void because not put in writing, for it would then have been their own promise to pay for a consideration received by them. Is it any less their own debt because they agree to pay to the plaintiff, for the benefit of Howes & Co. whose property they have received as a consideration therefor ? The statute referred to, operates only upon and makes void promises to answer for the debt of another-; not upon the party’s own debt and promise to pay for a consideration received. The defendants made this their own debt to the plaintiff, and it was not necessary to put their promise in writing to make it valid and obligatory upon them. It is said and objected, that there was no delivery of the ship to the defendants. ■ I think the rule is well settled that the sale of a specific chattel passes the pro *51 perty therein to the vendee without delivery. (Chitty on Con. 8 Am. ed. 332. 25 N. Y. Rep. 520.)
Again, it is urged that this action cannot be maintained on a promise made to Howes & Co. and not to plaintiff. It was decided as early as 1st Johnson’s Reports, 140, that where one person makes a promise to another for the benefit of a third person, that third person may maintain an action upon it.
The same principle is recognized "and expressly adjudicated in Lawrence v. Fox, (20 N. Y. Rep. 268.) Such promise is to be deemed made to the plaintiff, if adopted by him, although he was not a party to, nor cognizant of it, when made. These views are decisive of this case. The referee erred in dismissing the complaint. His report should be set aside, the judgment entered thereon reversed, and a new trial ordered, with costs to abide the event; and let the rule referring the case be vacated, unless both parties desire to retain it.
Robertson, Ch. J.
It may be considered as finally settled in this state by the court of last resort, in the case of Lawrence v. Fox, (20 N. Y. Rep. 268,) that whoever in consideration of a benefit to himself, or prejudice to another, promises to pay the debt of a third party, is liable directly to the creditor to whom such debt is due, even when the consideration proceeds from and the promise is made to the debtor alone. That decision bears strongly on the question whether such a promise be within the statute of frauds, for if it be in every aspect legally equivalent to a promise directly to the creditor, it is, in fact, an undertaking to answer for the debt of another, although he is still to remain liable. Had it been left simply as an express promise to the debtor to relieve him of a burden, or indemnify him against a liability, which is not within the statute, (Conkey v. Hopkins, 17 John. 113.) the debtor, if he were afterwards compelled to pay the debt, could recover the same amount as the measure of his damages, in an action brought by him, against such promissor. ' It seems to be a little incongruous, if both actions were brought on the same promise, that creditor and debtor could sug separately, equally *52 well, upon an undertaking created by the same words, but only in terms directed to one of them. This difficulty is sought to be got rid of in the opinion of two of the learned judges in the case first referred to; by supposing the promise to be to the debtor as the creditor’s agent. (P. 275, Johnson, Ch. J. Denio, J.) That supposes an agency without the consent of the agent, and should exclude the debtor from any right of action. Though he had paid the consideration, the promise was made to him, and he was to receive the benefit of it, and it makes the promise purely collateral. The only reasonable ground of sustaining the liability of the promissor directly to the creditor, seems to be that laid down by Ch. J. Shaw, in Brewer v. Dyer, (7 Cush. 337,) quoted with approbation in the leading opinion in the case first referred to, (Lawrence v. Fox.) By that the law is made to presume a general duty to pay the debt, growing out of the form of the promise. By that means a privity between the creditor and the promissor is created, warranting tile implication of another promise in law directly from the latter to the former, and its acceptance by the former. (Berly v. Taylor, 5 Hill, 577, 584.) Such reasoning, however artificial, is necessary to keep a promise to a debtor to pay his debt out of the reach of the statute of frauds, if it is to be construed as creating any promise on which an action can be maintained directly by the creditor.
The supplemental report of the referee finds that Howes & Co. the original debtors to the plaintiff, were part owners and ship’s husbands of a vessel, and delivered a bill of sale of her to the defendants, who were to take their place as such ship’s husbands. That the object of such bill of sale was for the defendants to pay all debts due on such vessel, including that to the plaintiffs. And the agreement between them was that the former should settle all such debts, for which they were to receive a certain commission for paying such, debts, and to be repaid such advances and all other indebtedness of Howes & Co. to them out of the earnings of the vessel. In his first report, the referee found that such bill of sale was given as collateral security ipr the payment of such debts. These facts *53 constituted a promise by the defendants to Howes & Co. to pay the plaintiffs the debt due to them, in consideration of the, pledge of the vessel as security to them for repaying the amount so advanced, as well as the commissions; the bill of sale, in fact, being a mere mortgage. Such a promise comes direct within the ruling in Lawrence v. Fox.
It only remains to determine whether such pledge of the vessel to secure future advances, with an agreement to allow the defendants to act as ship’s husbands and earn commissions, being a benefit to the latter and a prejudice to the debtors, (Howes & Co.) and the promise of the defendants to such debtors in consideration thereof, took the case out of the statute of frauds. The case of Mallory v. Gillet, (21 N. Y. Rep. 412,) contains a thorough examination of the authorities on that point; although it only decides that a promise to a creditor to pay a debt due to him by another, where the only consideration was some benefit moving to the debtor from such creditor, was rvithin the statute ; in that respect sanctioning the modification or explanation of the language used by Ch. J. Kent in Leonard v. Vredenburgh, (8 John. 29,) wherein he states a consideration for a new promise by a third party to be sufficient to take the case out of the statute of frauds, if it moved between the newly contracting parties, by the limitation of Ch. J. Savage in Farley v. Cleveland, (4 Cowen, 432, 439,) who requires the consideration to move to the promissor; whether it were of benefit to him or harm to the promisee. The case alluded to sanctions, also, the same distinction as put by Ch. J. Shaw in the case of Nelson v. Boynton, (3 Metc. 396, 400,) who makes the leading object of the promissor in the new contract the test of including in or excluding from the statute of frauds a promise to pay the debt of another; that is to say, whether it is or is not the promotion of some interest of his own, although incidentally part of the result may be the payment of another’s debt. And this corresponds precisely with the object of the statute, which was to prevent any one from being made liable to pay another’s debt by untrustworthy oral evidence of a promise to do so, sustained by some trivial pro *54 mise by the creditor as a sufficient consideration, and the plaintiff can therefore sustain the action in his own name, if it is maintainable at all.
The doctrine is conceded in both the prevailing and dissenting opinions in the case just commented on, (Mallory v. Gillett, ubi supra,) that a promise by a stranger to either a creditor or debtor, to pay the debt of the latter to the former, when the consideration moves from the promissee to such prornissor, was clearly out of the statute. The numerous authorities commented on in the prevailing opinion in that case fully sustain that view. To which may be added others : Westfall v. Parsons, 10 Barb. 645 ; Cailleux v. Hall, 1 E. D. Smith, 5 ; Mersereau v. Lewis, 25 Wend. 243; Earle v. Crane, 6 Duer, 564; Blyer v. Monholland, 2 Sandf. Ch. 478 ; which are to the same effect.
The conclusion of the referee that the promise in this case came within the statute of frauds, was, therefore, erroneous. The judgment must be reversed, and a new trial had, with costs to abide the event. The order of reference to be discharged, unless both parties agree to retain it.