# IVAN FRANK *v.* HENRY BASELAAR

[No. 45, October Term, 1947.]

*Decided December 11, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Eldridge Hood Young,* with whom was *F. Leonard Maas* on the brief, for the appellant.

*H. Mortimer Kremer,* with whom were *Herbert Myerberg* and *Joseph D. Hornstein* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Ivan Frank, plaintiff below, from a judgment for costs rendered in the Baltimore City Court, in favor of Henry Baselaar, defendent below, appellee here.

The declaration, filed May 7, 1945, which did not plead the "seal", contained the following count: "For that on or about the 23rd day of December 1940, the plaintiff entered into a contract of sale to sell to the defendent all of the capital stock of the plaintiff issued and outstanding in the Frankonia Restaurant, Inc., a body corporate of the State of Maryland, being ten shares of said stock, at and for the price of $8000.00 of which $2000.00 was paid in cash on or before the 28th day of December 1940 and the balance of $6000.00 was to be paid in installments, the last one thereof being due May 7, 1942, but that the said defendant has failed and neglected to pay the balance of said purchase money, being the sum of $6000.00 or any part thereof although the plaintiff did transfer and deliver to the said defendant the said ten shares of stock of the said Frankonia Restaurant, and there is now justly due and owing to the plaintiff by the defendant the sum of $6000.00 with interest from the seventh day of May 1942." The claim was for $10,000.00 damages.

In response to a demand for particulars made by the defendant, the plaintiff filed as the first count of his bill of particulars a contract, dated December 23, 1940, under seal, between the parties hereto, whereby Ivan Frank sold

and Henry Baselaar purchased ten shares of stock in the Frankonia Restaurant, Inc.: "At and for the price of Eight Thousand Dollars ($8000.00) of which eighteen hundred dollars ($1800.00) has been paid prior to the signing hereof and the balance to be paid as follows: Two Hundred Dollars ($200.00) in cash on the 28th day of December, 1940, and the balance of six thousand dollars ($6000.00) *to be paid in installments, the schedule of which has been agreed upon between the said vendor and vendee and which will be set out in detail in the assignment of the capital stock to be executed on the 28th day of December 1940 as aforesaid."* (Italics supplied here.)

The second count of the particulars alleged that the installment payments mentioned in said contracts were evidenced by seventy-one promissory notes made by the defendant on December 27, 1940, each payable to the order of Ivan Frank, the plaintiff; seventy of these promissory notes being payable before May 7, 1942, and the seventy-first promissory note in the amount of $75.00 being payable on May 7, 1942. All of said notes totaled $6000.00 and no part of the sum of $6000.00 has been paid. These seventy-one notes were not under seal and did not provide for the payment of interest.

Four pleas were filed by the defendant to the declaration enlarged and limited by the bill of particulars, the fourth plea being "that the alleged cause of action did not accrue within three years before this suit." The plaintiff filed replications to the first, second, and third pleas and filed a motion to strike out the fourth plea. This motion was overruled. The plaintiff then demurred to defendant's fourth plea, which demurrer was overruled. A *non pros* was entered for failure of the plaintiff to file a replication to the defendant's fourth plea and judgment entered in favor of the defendant, Henry Baselaar for costs. From that judgment Ivan Frank, the plaintiff below, appeals here.

The question for our decision is whether the notes totaling $5925.00 payable before May 7, 1942, not being

under seal, were barred by the three-year limitation provided by the statute. 1939 Code, Article 57, Section 1. The note due May 7, 1942, for $75.00 is not barred by the three-year limitation period, the declaration having been filed May 7, 1945, but was below the jurisdiction of the Baltimore City Court.

In the case of *Sebastian May Co. v. Codd*, 77 Md. 293, 26 A. 316, the defendant purchased goods from the plaintiff for which the defendant sent to the plaintiff the note of a third party, which note was accepted by the plaintiff and the goods shipped to the defendant. The third party note was sent to the plaintiff by the defendant with the understanding that any balance over the amount due for the goods which was collected by the plaintiff would be returned to the defendant. The court held in that case that it was evident that it was the desire and intention of the defendant to buy the goods in contra-distinction to giving something in exchange for them, particularly as defendant had specified that the balance over the amount due the plaintiff should be remitted to the defendant, and that the third party note was not given in full payment for the goods. The court there said, 77 Md. at pages 303, 304, 26 A. at page 317: "Was the note given and received in full payment? As the case now stands, the answer to this question must be found in the same written evidence which establishes the contract, for there is no other proof on the subject before us. If nothing appeared or could be ascertained from the contract except that the note in question was received in payment for the goods, it might well be conclusively presumed that such was the intention of the parties to the contract. *Toby v. Barber*, 2 Amer. Lead Cas. 299; *Noel v. Murray* [8 N. Y. Super. Ct. 385], 1 Duer, 385; 18 Amer. & Eng. Ency. Law, 182.

"But here we have a different case presented. It appears that the appellant was to keep the note until maturity, then collect the proceeds thereof, and having paid itself for the goods, the balance was to be remitted to the appellee. This part of the transaction, it seems to us, is very significant, and would seem to be a conclu-

sive indication that the note was not intended to be at the risk of the appellant; for, according to all authority, and reason as well, if the vendor takes the note as absolute payment, it is his property, and he may dispose of it as he would any other property owned by him. But here it appears that, so far from accepting the note absolutely, the agreement was that the appellant was to collect the proceeds, retain a portion thereof, and the balance was to be the property of the appellee."

In the case at bar as "nothing appears or could be ascertained from the contract except" that the notes in question were received in payment for the stock, "it might well be conclusively presumed that such was the intention of the parties to the contract."

Plaintiff can escape the three-year limitation period only by a sealed instrument. The agreement of sale under seal was not complete as no time for payment was specified. The reference in the sealed instrument to the schedule of payments agreed upon between the plaintiff and the defendant was not carried out or completed. There was no agreement because there was no time of payment specified. The "schedule" of payments was not set out in the assignment of stock on December 28th as called for in the agreement. From the pleadings in this case it is evident that the uncompleted agreement of sale was superseded by the delivery of stock by the plaintiff to the defendant, and by the delivery of the notes by the defendant to the plaintiff which notes were accepted by the plaintiff as absolute payment. This was the real agreement between the parties. The plaintiff by acceptance of the notes, from the pleadings, looked to those notes for payment. The suit is obviously not on the original contract because there is nothing provided therein for dates and manner of payment. The certain obligation on the part of the defendant to pay is the notes. From the pleadings the notes could not be considered the "schedule" mentioned in the agreement of sale. The notes are separate obligations. From the pleadings, there is no internal reference in the notes to the agreement of

sale, nor is there any internal reference in the agreement of sale to the notes. *Stucker v. Shumaker,* 290 Pa. 348, 139 A. 114, 116. The suit is obviously on the notes which are the cause of action, and not being brought within three years of the due dates, are barred by limitations. Code, Art. 57, Section 1; *Miller v. Horowitz,* 172 Md. 419, 428, 191 A. 906.

As above stated the seal was not originally pleaded in this case. Pleading of the seal is still of importance with respect to the questions of limitations and consideration. Code, Art. 75, Section 4; "Essentials of Maryland Pleading," Fisher, Second Edition, pages 18 and 40. In response to the defendant's demand for particulars, however, the sealed instrument became a part of the declaration, but (as we have said) is too indefinite in its terms to be the basis of a suit.

*Judgment affirmed, with costs.*