MOORE *v.* MODERN IMPROVEMENT ASSOCIATION, INC. ET AL.

[No. 90, October Term, 1947.]

*Decided February 20, 1948.*

*Rehearing Denied April 1, 1948.*

40

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Cary D. Hall, Jr., and Henry J. Ditto,* for the appellants.

*Joseph Loeffler,* with whom was *Saul L. Joseph* on the brief, for the appellees.

GRASON J., delivered the opinion of the Court.

On January 10, 1947, the appellant entered into a written contract to sell to appellees three leasehold pieces of property situate in Baltimore City, for $30,000.00. Fifteen hundred dollars was paid prior to the signing of the contract and the balance was to be paid as follows: appellant was to obtain for appellees "a first mortgage in the amount of $15,000.00, to bear interest at six per cent per annum, and to be payable at the rate of $125.00 per month on the principal, plus interest, and plus $50.00 per month on the expense account for the payment of taxes and ground rent on the property, the balance to be paid in cash, settlement within ninety days". The contract also provides: "The purchaser agrees that the form of mortgage hereto attached shall be executed simultaneously with the execution of the deed of the property and delivered to the mortgagee, costs thereof to be paid by the mortgagor at a cost of $21.00."

The form of mortgage, which was attached to the contract of sale and made a part of it, provides that it should be made to "Bernard J. Logue, hereinafter called mortgagee", and states: "WHEREAS, the said ————, the said mortgagor, is indebted to the said Bernard J. Logue, the said mortgagee, in the sum of Fifteen Thousand Dol-

lars ($15,000.00) this day lent by the latter to the former and used as part of the purchase money of the lots of ground and improvements hereinafter described, and which sum together with the interest to accrue thereon and the fixed expenses of the said property, the said mortgagor hereby agrees to repay to the said mortgagee in the following manner, the sum of Two hundred and Fifty Dollars ($250.00) monthly on the first day of each month, succeeding the date hereof and which said sum shall be applied by the said mortgagee as follows: First, to the payment of the yearly taxes, ground rent, water rent, and fire insurance and extended coverage insurance on the said premises; Secondly, to the payment of the interest on the unpaid remainder of the said sum of money lent as aforesaid at the rate of six percent, per annum; Thirdly, the remainder to be credited upon the principal of the aforesaid mortgage, to secure all of which both the aforesaid principal and the said interest and expenses to accrue thereon, these presents having been a condition precedent to the said loan. It is agreed that this loan may be prepaid in whole or in part at any time after the expiration of one year from the date hereof, but only by an additional payment in the amount of one percent (1%) on the sum so prepaid."

The appellees refused to carry out this contract because, they claimed, first, that it is indefinite, and second, "that the terms for payments embraced in the contract of sale and in the form of mortgage, are irreconcilable and repugnant to each other".

The appellant filed his bill for specific performance of the contract and the appellees demurred thereto. The chancellor sustained the demurrer and dismissed the bill, and the case comes here on appeal from that ruling.

The appellees' position is that the manner of payment of the mortgage, specified in the body of the contract, as distinguished from the manner of payment of the $15,000.00 mortgage as specified in the form of the mortgage to be used, contained in the contract, is so irreconcilable and repugnant as to render the contract

uncertain, and that it cannot be specifically enforced. It. is claimed that the manner in which the $15,000.00 mortgage is to be paid, as set out in the body of the contract, is clear, distinct, and certain, and the manner in which said mortgage is to be paid, as provided in the form of mortgage contained in and a part of the contract, is also clear, distinct and certain, and that the ordinary rules of construction cannot render the two means of payment of the mortgage reconcilable.

Looking at the body of the contract, it will be seen that no property is mentioned upon which the mortgage will rest. Neither is the name of the mortgagee mentioned, and the parties to this contract agreed to the form that the mortgage should take, after the body of the agreement was written. The form of the mortgage, therefore, it may be presumed, is the final agreement of the parties regarding the payment of the $15,000.00 mortgage to be secured by the appellant. It is specific and certain as to who is to lend the money, and as to the property upon which the mortgage is to rest, and it is to be a purchase money mortgage. In these respects the form of the mortgage, contained in the contract, is specific and certain, while with regard to these matters the body of the contract is not specific and certain, but is uncertain. It is a presumption of law that parties to a contract intend their written agreements to be certain and not uncertain.

Where a contract contains two separate provisions with regard to a material matter, so that the one cannot be reconciled with the other after a consideration of the whole contract, it will not be enforced, because it is indefinite and uncertain. Courts construe contracts. They do not write them for litigants. They say what they mean, after a consideration of all of the terms of the contract itself. They cannot go out of the four corners of the contract, because to do so would be importing matters into a contract. This cannot be done.

" 'If a written instrument is certain and definite in its contents it is the best evidence of the intention and

meaning of the parties, but where it is not so it cannot be questioned that extrinsic evidence may be resorted to in aid of its terms and provisions—not to contradict it, but to explain it.' * * * there has been much confusion and some conflict as to the meaning to be given to the words 'latent', 'patent', and 'ambiguity' in applying it to varying facts." *Lambdin v. Dantzebecker,* 169 Md. 240, at page 246, 181 A. 353, 356, 102 A. L. R. 277.

The question in this case is whether the provisions of the contract before us are repugnant, and render it indefinite and uncertain. Can we say that the minds of the parties thereto met and agreed as to all material parts of the contract? If so, no question of repugnancy arises. It is an entire contract, and all of its provisions must be considered. *Ahern v. White,* 39 Md. 409. As we have pointed out, the body of the contract provides the manner in which the first mortgage for $15,000.00 is to be paid, and later in the contract the form which this mortgage was to take is provided. The appellees must have read and considered this form of mortgage. We take it that Dr. James H. Walters, an appellee, and those representing the corporate appellee, were business men and read and considered the form of mortgage attached to and made a part of the contract. They must have known that Logue, the proposed mortgagee, demanded that the mortgage should take the form provided in the contract. It would seem clear, therefore, that the form of mortgage provided was considered by the parties to this contract as a substitution for that provided in the body of the contract. The parties hereto had the power to make the substitution, and if they did, and no other reasonable inference can be drawn from the contract, that provision prevailed and the contract was clear and certain in all its parts and the question of ambiguities, "latent" and "patent", does not arise.

In *Frank v. Baselaar,* 189 Md. 371, 56 A. 2d 43, 44, we dealt with the following facts. Baselaar sold his stock in the Frankonia Restaurant, Inc. for $8,000.00. Six thousand dollars was "to be paid in installments, the

44

schedule of which has been agreed upon * * * and which will be set out in detail in the assignment of the capital stock to be executed on the 28th day of December, 1940, as aforesaid." In that case the agreement of sale, which was under seal, was incomplete, as no time of payment was specified, and the schedule of payments was not set out in the assignment of stock, as called for in the agreement. Later the parties met, and seventy-one notes passed from the purchaser to the seller. It was held that the seventy-one notes were a substitution for the incompleted contract of sale. We think that the form of mortgage, and the terms it contained, as set out in and made a part of the contract, was a substitution for the terms of the mortgage contained in the body of the contract. This being so, the contract was clear, certain, and specific, and the lower court erred in sustaining the demurrer to the bill of complaint.

*Decree reversed, with costs.*