**PANTRY PRIDE ENTERPRISES, INC., Appellant,**

v.

**GLENLO CORPORATION, Appellee.**

**No. 83–1698.**

United States Court of Appeals, Fourth Circuit.

Submitted Feb. 3, 1984.

Decided March 12, 1984.

---

**964**

Alan I. Baron, Baltimore, Md., Bruce M. Bettigole, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Washington, D.C., on brief, for appellant.

Michael J. Travieso, Gallagher, Evelius & Jones, Baltimore, Md., on brief, for appellee.

Before MURNAGHAN and CHAPMAN, Circuit Judges, and PECK,* Senior Circuit Judge.

---

\* The Honorable John W. Peck, Senior Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. We mention, but take no account, other than to observe that business ethics appear not to have troubled at least one, and possibly both, the parties, of, Glenlo's contention that the letter "agreement" was a sham designed as a conve-

MURNAGHAN, Circuit Judge:

A diversity action brought in the United States District Court for the District of Maryland presents the question of whether limitations had run on a claim by Pantry Pride Enterprises, Inc., the tenant, against Glenlo Corporation, the landlord, for refund of asserted overpayments of rent. The initial lease, executed on October 7, 1965, called for a percentage rent calculated as 1½% of gross sales (with certain exclusions). A letter agreement of October 22, 1969 between Glenlo and a corporate predecessor of Pantry Pride called for a reduction to 1% of gross sales, but the reduction was not put into effect.[1]

On October 21, 1981, suit was filed for $214,744.29 (later reduced to $204,308.76), representing claimed overpayments for the period prior to October 21, 1978. The balance of $10,435.53, relating to payments attributable to the time frame from and after October 21, 1978, are subject to proceedings pending in the United States Bankruptcy Court for the Southern District of New York.

Pantry Pride first contends that a twelve year,[2] not a three year,[3] statute is applicable. The claim is without merit. *See Mayor and Council of Federalsburg v. Allied Contractors, Inc.*, 275 Md. 151, 155–56, 338 A.2d 275, 279 (1975), *cert. denied*, 423 U.S. 1017, 96 S.Ct. 452, 46 L.Ed.2d 389 (1975):

> if a corporate seal is impressed on an agreement it will remain a simple contract unless either the body of the contract itself indicates that the parties intended to establish an agreement under seal, or sufficient extrinsic evidence, in the nature of "how and when and under

nience to Pantry Pride's predecessor to help persuade other landlords to reduce rents.

2. Annotated Code of Maryland, Courts and Judicial Proceedings Article § 5–102(a).

3. Annotated Code of Maryland, Courts and Judicial Proceedings Article § 5–101.

what circumstances the corporate seal was affixed," [citation omitted] establishes that the parties desired to create a specialty.

Other than the affixation [4] of seals of the parties, nothing in the lease indicates that it was intended to be under seal.[5] Furthermore, the claim arises not on the lease itself but under the amending letter agreement of October 22, 1969. The amending letter was not sealed and so the three year limitations statute applies. *See Frank v. Baselaar,* 189 Md. 371, 375–76, 56 A.2d 43, 45 (1947).

The second basis advanced by Pantry Pride is a letter sent by Glenlo's attorney, Thomas N. Biddison, Jr., to his client when, in 1981, Pantry Pride first asserted its claim. The attorney began with the advice that the right to reimbursement was time-barred as to any payment more than 3 years old. As for those on which limitations had not run, he explained available defenses, expressed a lack of confidence that they would succeed and stated that Pantry Pride "should be able to prevail". We pass the contention by Glenlo that the communication, having been inadvertently turned over during discovery, should not be admitted in evidence because of the attorney-client privilege. The controlling point is that the letter does not acknowledge the debt, assuming, *arguendo*, that a statement by one's lawyer to his client amounts

to an "acknowledgment" by the client, and further assuming that the "acknowledgment" extended to time-barred payments as well as to those less than three years old.[6] The lawyer merely expressed an opinion. In the letter he did not make a statement of fact providing probative evidence.[7]

Accordingly, we affirm the actions of the district judge in a) dismissing pursuant to Fed.R.Civ.P. 12(b)(6) the claim based on a 12 year statute of limitations, and b) granting a dismissal in favor of Glenlo at the close of Pantry Pride's case on the issue of when accrual, for purposes of the three year statute, had occurred. *See* Fed.R. Civ.P. 41(b). As to that point the district judge correctly concluded that officers of Pantry Pride or its predecessor knew of each supposedly wrongful payment when made, thereby fixing the date of accrual for each.

*AFFIRMED.*

---

4. We do not trouble to decide what voiding consequences may derive from the failure to complete a notary's verification prepared for execution by Glenlo.

5. We find it unnecessary to consider the impact of *Henry's Drive-In v. Pappas,* 264 Md. 422, 430, 287 A.2d 35, 39 (1972), containing a suggestion that a lease cannot in any case be a specialty. Nor need we linger over the statutory amendment in 1973 deleting the phrase "any form of lease", on which the suggestion rests, from the terms of the three-year statute. ·

6. There is one other aspect of the letter from Thomas N. Biddison, Jr. which, not relevant to

the merits of the case, nevertheless should not escape without mention. The letter concludes:
> For now, I suggest ignoring their letter. When they do get in touch with you again, tell them anything—been on vacation, lost the letter, looking into it—in other words, the stall.

Mr. Biddison was admitted to practice before the Court on October 3, 1973. We wish it known that it is unacceptable for a lawyer, an officer of the court, to advise a client to tell lies.

7. Since it is from the four corners of the letter itself that the characterization of it is unambiguously drawn, complaints by Pantry Pride as to improper consideration by the district court of the attorney's explanation of the letter miss the mark.