**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHOICE HOTELS INTERNATIONAL,
INCORPORATED, formerly known as
Quality Inns International, Inc.,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 95-1996

GOODWIN AND BOONE, A Tennessee
General Partnership; T. DAVID
GOODWIN; CHARLES P. BOONE,
<u>Defendants-Appellants.</u>

CHOICE HOTELS INTERNATIONAL,
INCORPORATED, formerly known as
Quality Inns International, Inc.,
<u>Plaintiff-Appellant,</u>

v.                                                                    No. 95-2350

GOODWIN AND BOONE, A Tennessee
General Partnership; T. DAVID
GOODWIN; CHARLES P. BOONE,
<u>Defendants-Appellees.</u>

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-91-3675-DKC)

Argued: June 7, 1996

Decided: November 17, 1997

Before RUSSELL, WIDENER, and MICHAEL, Circuit Judges.

_____

Affirmed in part and reversed and remanded in part by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Sam Berry Blair, Jr., BAKER, DONELSON, BEAR-MAN & CALDWELL, Memphis, Tennessee, for Appellants. Harry Martin Rifkin, LEVIN & GANN, P.A., Baltimore, Maryland, for Appellee. **ON BRIEF:** Thad M. Barnes, BAKER, DONELSON, BEARMAN & CALDWELL, Memphis, Tennessee; Paul M. Vettori, KENNY, VETTORI & ROBINSON, P.A., Baltimore, Maryland, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal involves Choice Hotel's action to recover damages for Goodwin and Boone's breach of a franchise agreement. We affirm in part, and reverse and remand in part.

I.

The relevant facts are undisputed. In March 1972, Quality Courts Motels Inc., entered into a Franchise Agreement ("Franchise Agreement"), with David Goodwin, Robert Hall, and Charles Boone for the operation of a Quality Motel in Memphis, Tennessee. Each man was an individual signatory to the Franchise Agreement, which specified the parties' rights and obligations. The parties did not sign the Franchise Agreement under seal.

2

In July 1985, ownership in the motel transferred to Goodwin and Boone ("G&B"), a general partnership formed by two of the original signatories to the Franchise Agreement. As a result, G&B executed an Assumption Agreement ("Assumption Agreement") with Quality Inns International, Inc.[1] substituting itself as franchisee. Pursuant to the Franchise Agreement G&B "assume[d] the obligations of the franchisee[s] contained in the Franchise Agreement . . . ." The parties executed the Assumption Agreement under seal.

In August 1988, G&B admittedly breached the Franchise Agreement. It stopped paying the franchise fees and leased the motel to Tri-mark Southeast Hotel Co. without Choice Hotel's consent. Because G&B had materially breached the Franchise Agreement, Choice Hotels terminated its relationship with G&B in January 1989 and sued G&B in federal district court for breach of contract and trademark violations in April 1989.[2]

After the parties arrived at a settlement during the pendency of the suit, the district court dismissed Choice Hotel's action with prejudice and gave it thirty days right to reopen the case. Although draft agreements circulated thereafter, G&B failed to execute them. Consequently, after thirty days had expired, Choice Hotels was forced to file suit in April 1989. Pursuant to G&B's motion to dismiss the action on the basis that it was time-barred, the district court dismissed Choice Hotels' suit ruling that the previous dismissal and the principles of res judicata barred the pending action. On appeal, we reversed. On remand, G&B asserted inter alia, that Maryland's three-

_____

[1] Quality Inns International, Inc. is the successor in interest to Quality Courts Motels, Inc. It is currently known as Choice Hotels International, Inc. For purposes of this opinion, we hereinafter refer to Choice Hotels as the franchisor under both agreements.

[2] Under the Franchise Agreement, G&B could continue using the "Quality Inn" name for only thirty days after termination of the contract. G&B, however, continued to operate the facility for seventy days thereafter. G&B was, therefore, liable for trademark infringement for the additional forty days. Under the terms of the Franchise Agreement, this entitled Choice Hotels to liquidated damages, in the amount of $100 a day for each day G&B violated the trademark, including attorneys' fees, and costs.

3

year statute of limitations barred Choice Hotels' action. Finding that limitations did not bar the action because the Assumption Agreement was under seal and the Franchise Agreement had merged into it, the district court granted Choice Hotels' motion for summary judgment, and entered judgment against G&B in the amount of $195,228.92, representing unpaid fees and damages, interest, lost profits, and liquidated damages.

Both parties appeal. G&B asserts Maryland's three-year statute of limitations bars Choice Hotels' action to recover damages, while Choice Hotels' cross-appeal asserts the district court erred in failing to award attorneys' fees for expenses incurred in pursuing the trademark violations.

II.

Maryland law provides a three-year statute of limitations for breaches of contract. It also provides a twelve-year statute of limitations for breaches of contracts, which are signed under seal. G&B contends that Choice Hotels is precluded from seeking recovery for G&B's 1988 breach because Choice Hotels brought suit under the Franchise Agreement, which is an unsealed document and to which Maryland's three-year statute of limitations applies.**3** Furthermore G&B asserts that the Franchise Agreement and not the sealed Assumption Agreement contained all the relevant terms and conditions to which it had to comply.

After certifying questions to the Court of Appeals of Maryland regarding Maryland's statute of limitations for sealed and unsealed documents, we follow its response and the opinion of that court in 695 A.2d 168 (Md. 1997) and adopt much of its language. As explained by the Court of Appeals, the Maryland case of Frank v. **Baselaar**,**4** although different in some respects, is instructive in answering which statute of limitations controls a contract action when two sets of agreements exist. In Baselaar, Ivan Frank and Henry

_____

**3** Md. Code Ann., Cts. & Jud. Proc.§ 5-101 (1988) (a civil action must be filed within three years of its accrual date unless another Code provision provides otherwise).
**4** 56 A.2d 43 (Md. 1947).

4

Baselaar entered into a sealed contract for the sale of stock on December 23, 1940. At execution, Baselaar made an initial payment and the parties agreed that Baselaar would make future payments in installments, "the schedule of which . . . [was to] be set out in detail in the assignment of the capital stock to be executed on the 28th day of December 1940."[5] On the twenty-seventh, Baselaar executed seventy-one promissory notes made payable to Frank. None of the notes were under seal. None provided for the payment of interest. The notes were the only further evidence of the parties' agreement. The parties never outlined a schedule of payments as called for in the initial sales contract. When Baselaar failed to pay under the notes, Frank brought suit for damages. Baselaar asserted Maryland's three-year statute of limitations applicable to unsealed documents precluded Frank from bringing suit and the lower court entered judgment against Frank. Frank appealed.

The reviewing court observing the incompleteness of the initial contract because it failed to specify the time for payments, determined that the promissory notes constituted the "real agreement" between the parties, and that Frank had brought suit upon the unsealed notes -- not the initial sealed contract. The court explained:

> [B]y accept[ing] the [promissory] notes . . . [Frank] looked to those notes for payment. The suit is obviously not on the original contract because there is nothing provided therein for dates and manner of payment. The certain obligation on the part of the defendant to pay is the notes. From the pleadings the notes could not be considered the "schedule" mentioned in the agreement of sale. The notes are separate obligations . . . . [T]here is no internal reference in the notes to the agreement of sale, nor is there any internal reference in the agreement of sale to the notes.[6]

Accordingly, the Court of Appeals of Maryland held that Frank's suit was time-barred because he had failed to bring suit within three years of the respective due dates of the various notes.

_____

**5** **Id.** at 44.

**6** **Id.** at 45.

G&B maintains that, just as Baselaar's obligation arose solely from the notes, its obligation arises from the unsealed Franchise Agreement and not the sealed Assumption Agreement, to which the twelve-year statute of limitations applies. We disagree.

The Assumption Agreement provided that G&B "desire[d] to assume the obligations of licensee contained in the Franchise Agreement," and that Choice Hotels "consent[ed] to such assumption by [G&B] on the terms and conditions of th[e] Assumption Agreement." By reference, therefore, the Franchise Agreement was incorporated into the Assumption Agreement. It became a part thereof, as though it had been fully written therein.[7] Unlike Baselaar, where the promissory notes evidenced the obligation upon which Frank sued, the rights and obligations of the parties in the instant case can only be accurately determined by reference to both documents. The agreements must be read together. Thus, the twelve-year statute of limitations applicable to the sealed Assumption Agreement controls. Because G&B concedes that it breached the Franchise Agreement in 1988 and because the twelve-year statute of limitations applies, we affirm the district court's grant of summary judgment favoring Choice Hotels.

III.

In light of our affirmance of summary judgment, we need not address G&B's remaining contentions concerning discovery and assessment of damages as they are meritless.

IV.

Finally, we address Choice Hotels' cross-appeal that the district court erred in failing to award it attorneys' fees in conjunction with its award of damages on the trademark claim. Under paragraph nine of the Franchise Agreement, Choice Hotels contracted to recover attorneys' fees and costs associated with bringing suit against G&B for trademark violations. The district court found G&B liable for a

_____

[7] See Wheaton Triangle Lanes, Inc. v. Rinaldi, 204 A.2d 537, 540 (Md. 1964) ("It is a long recognized rule that where a writing refers to another document, that other document is to be interpreted as part of the writing.").

6

trademark violation because G&B continued to operate the motel as a "Quality Inn" for more than thirty days past the termination of the Franchise Agreement. Without comment, however, the district court denied Choice Hotels' motion for attorneys' fees. G&B does not dispute the awardability of these fees.

We hold that the district court erred in failing to award attorneys' fees and costs to Choice Hotels because they were specifically contracted for in the Franchise Agreement. In Addressograph-Multigraph Corp. v. Zink,**8** the Court of Appeals of Maryland held that a successful party is entitled to its legal fees when payment of said legal fees is provided for by contract. Accordingly, we reverse the district court's denial of attorneys' fees and remand this case to the district court for a determination of attorneys' fees incident to the trademark action.

V.

For the foregoing reasons, the decision of the district court is

AFFIRMED IN PART AND REVERSED
       AND REMANDED IN PART.

_____

**8** 329 A.2d 28, 35 (Md. 1974).