Lawrence WRIGHT, Plaintiff,

v.

**U.S. POSTAL SERVICE,
et al., Defendants.**

**No. CIV.A.RWT 03–2180.**

United States District Court,
D. Maryland.
Southern Division.

Feb. 4, 2004.

Frederic Michael Brandes, Law Office of Frederic M Brandes, Timonium, MD, for Plaintiff.

Ariana Wright Arnold, Office of the United States Attorney, Baltimore, MD, Daniel B Smith, O'Donnell Schwartz and Anderson PC, Washington, DC, for Defendants.

## *MEMORANDUM OPINION*

TITUS, District Judge.

On July 28, 2003, Lawrence Wright ("Wright") filed a complaint in the United States District Court for the District of Maryland against the United States Postal Service ("USPS") and the Nation's Capital Southern Maryland Area Local, American Postal Workers Union, AFL–CIO ("Union")[1]. The Complaint alleges that, in April of 1996, Wright was employed as a Special Delivery Messenger in the Special Delivery Unit at the Brentwood Post Office in Washington, DC, and that an arbitrator had sustained a grievance brought on behalf of the Special Delivery Messenger Class (of which he was a member) against the USPS. Wright's complaint alleges that the USPS breached its Arbitration Proceedings and Collective Bargaining Agreement ("Agreement") with Wright by failing to implement the arbitrator's April 3, 1996 award and that the Union breached its duty of fair representation in failing to properly represent Wright and compel the USPS to abide by the arbitrator's award in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C.A. 185.

### I. *Procedural History*

In November 2003, the USPS filed a Motion to Dismiss, alleging that Wright's Complaint is barred by the applicable statute of limitations. Wright responded to the USPS's motion with a one-page opposition that does not cite any law or address any issue raised by the USPS, and is largely unintelligible. Approximately one month after Wright filed his opposition to the USPS's motion to dismiss, the Union filed a motion to dismiss, also alleging that the Complaint is time-barred.

The USPS then filed its reply memorandum in support of its motion to dismiss. Approximately one month after the USPS filed its reply, Wright filed a Memorandum In Opposition To Motions To Dismiss, in

1. In his Complaint, Wright apparently improperly identified the Nation's Capital Southern Maryland Area Local, American Postal Workers Union, AFL–CIO as the American Postal Workers Union, Nation's Capital Southern Maryland Area Local. The Court will properly identify the parties here.

which he responded "to the issue of limitations raised by both Defendants in their Motions to Dismiss." (Pl.['s] Opp'n. of Jan. 11, 2004 at Intro.) Again, this memorandum was one page in length and did not include citations or references to any relevant law. The USPS moved to strike Wright's Memorandum In Opposition To Motions To Dismiss as a surreply filed in violation of Local Rule 105.2(a). The USPS appended to its motion to strike an opinion in the case of *Chavis v. Potters,* AMD–03–1693 entered by Judge Andre Davis of this Court on December 29, 2003. In this opinion, Judge Davis indicates that Wright's counsel, Mr. Brandes, has a history of filing cases without a full understanding of the background facts and that Mr. Brandes's memoranda are typically one page in length and do not cite any supporting authority. In response to the USPS's motion to strike, Wright filed a one-page Motion To Strike The Memorandum Opinion Of *Chavis v. John E. Potter.* The Court addresses each of these motions in turn.

## II. *The USPS's Motion To Strike Wright's Surreply*

Insofar as Wright's Memorandum In Opposition To Motions To Dismiss serves as an opposition to the Union's motion to dismiss, the memorandum is procedurally proper. However, Wright's memorandum explicitly addresses issues raised by the USPS's motion to dismiss for the second time, and therefore is a surreply for the purposes of the USPS's motion to dismiss. Local Rule 105.2(a) of this Court prohibits the filing of surreply memoranda unless otherwise ordered, and this Court did not order Wright to file a surreply to the USPS's motion to dismiss. The filing of a second response to the USPS's motion to dismiss is improper and it will be disregarded.

## III. *Wright's Motion to Strike Memorandum Opinion of Chavis v. John E. Potter*

Wright's Motion To Strike Memorandum Opinion of *Chavis v. John* E. Potter makes the argument that Judge Davis's Memorandum Opinion should be stricken from the record because the USPS has shown a "lack of tact and good taste" by attempting to admit it as supplemental authority to its reply memorandum. Pl.'s Mot. To Strike at ¶ 2. Mr. Brandes implies that the USPS has only filed this Opinion in an attempt to harass and embarrass him. To the contrary, the opinion of Judge Davis is quite instructive in shedding light on the curious behavior of Wright's counsel in this case. Accordingly, Wright's motion will be denied.

## IV. *Defendants' Motions To Dismiss*

A movant will prevail on a motion to dismiss if, as a matter of law, the plaintiff can prove no set of facts that would entitle him to relief. *Herlihy v. Ply–Gem Indus., Inc.,* 752 F.Supp. 1282, 1285 (D.Md.1990) (Harvey, J.). Statutes of limitations defenses are recognized as appropriate grounds for granting a motion to dismiss where the defense is apparent from the face of the complaint. *See Pantry Pride Enterprises, Inc. v. Glenlo Corp.,* 729 F.2d 963, 965 (4th Cir.1984). In this case, the applicable statute of limitations has run and Wright's complaint must be dismissed as to both defendants.

Wright's claim, a hybrid labor relations/duty of fair representation claim, is subject to the six month statute of limitations period set out in Section 10 of the National Labor Relations Act. *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *see United States Postal Service v. American Postal Workers Union,* 893 F.2d 1117 (9th Cir.1990) *cert. denied,* 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 42.

The arbitration decision that Wright seeks to enforce was issued "on or about April 3, 1996." (Compl.¶ 8). Wright did not bring his enforcement claim until July 2003, *seven years* after that statute of limitations had expired. Thus, Wright's claim is clearly time-barred.

Accordingly,

(1) The United States Postal Service's Motion To Strike Surreply is **GRANTED**;

(2) The Plaintiff's Motion To Strike Memorandum Opinion Of *Chavis v. John* E. Potter is **DENIED**;

(3) The Defendant United States Postal Service's Motion To Dismiss is **GRANTED**; and

(4) The Motion To Dismiss Of Defendant Nation's Capital Southern Maryland Area Local American Postal Workers Union, AFL–CIO is **GRANTED**.

A separate Order will follow.

### *ORDER*

For the reasons stated in the accompanying Memorandum Opinion, it is this 4th day of February, 2004,

ORDERED that:

1) The United States Postal Service's Motion To Strike Surreply (Paper no. 17) is **GRANTED**;

2) The Plaintiff's Motion To Strike Memorandum Opinion Of *Chavis v. John* E. Potter (Paper no. 18) is **DENIED**;

3) The Defendant United States Postal Service's Motion To Dismiss (Paper no. 8) is **GRANTED**;

4) The Motion To Dismiss Of Defendant Nation's Capital Southern Maryland Area Local American Postal Workers Union, AFL–CIO (Paper no. 12) is **GRANTED**;

5) This case is **DISMISSED**; and

6) The clerk will take all necessary steps to **CLOSE** this case.